Ketchum *v.* Stolp.

---

Jesse B. Ketchum, Appellant, *v.* James B. Stolp, Appellee.

APPEAL FROM KANE.

Upon proceedings before two justices it was ordered, that A. should make a partition fence between himself and B., for which B. should pay; the order did not fix the height of the fence.  Upon a suit to recover the value of the fence, it was *held*, that the fence need not be four feet and six inches high, although the legal voters of the town had decided that all fences should be that high.  It was also *held*, that A. might recover, if the fence was sufficient for the purpose for which it was designed.

This was a proceeding commenced before a justice of the peace of Du Page County, and taken by appeal to the Circuit Court of that county, and by change of venue to Kane County. The complaint before the justice stated that the fence viewers of the town of Naperville had decided that the north half of the fence between lands of Ketchum and Stolp, should be made

29 *

and kept in repair at the cost of Ketchum, that Ketchum refused, etc., and that Stolp made the fence, etc. A judgment was rendered in favor of Stolp for the cost of the fence, and Ketchum appealed. A judgment was rendered for Stolp, in the Circuit Court of Kane, MORRIS, Judge, presiding, at May term, 1854.

R. G. MONTONY, for appellant.

J. F. FARNSWORTH, for appellee.

CATON, J. Upon a proper proceeding under the statute, the fence viewers decided and ordered that Ketchum should make a certain portion of a partition fence between himself and Stolp. This he neglected to do for twenty days after notice was given as required by law, whereupon Stolp instituted proceedings as the statute requires, before two justices of the peace, who, after hearing the case, ordered and adjudged that Stolp should make the fence, but without specifying how high it should be, and that Ketchum should pay him for making the same. Stolp made the fence of posts and boards, using some of the old posts as they stood, and in some instances nailing the boards to locust trees instead of posts. Ketchum refused to pay Stolp for making the fence, and this suit was instituted for the purpose of recovering the amount. Upon the trial, Ketchum offered to prove that the legal voters of the town had, at a town meeting, passed a resolution or by-law that all fences in that town should be four and one half feet high, for the purpose of showing and insisting that Stolp had not made a lawful fence, according to such resolution, and for that reason, was not entitled to recover any thing for the fence which he had made. The testimony shows that the fence, although not four and one half feet high, was still a good fence, and sufficient to turn orderly cattle. And the material question presented is, whether Stolp was bound to make the fence in conformity to the resolution of the town meeting, before he could recover even the value of the fence which he did make? This is not one of those cases where the technical legal sufficiency of the fence becomes important or necessary. The order of the justices did not specify the height of the fence to be made, admitting their right to have done so. He was simply ordered to make the fence, and Ketchum was bound only to pay the value of the fence which he did make, and if he made practically a good fence, and one which would answer the purpose for which it was designed, Ketchum ought not to complain that it was made at a less cost

to him, than might have been incurred for that purpose, especially so long as it is not pretended that the fence is not worth as much in proportion to its cost, as one four and one half feet high would have been.   It was Ketchum's duty to have made the fence himself, but he neglected that duty, and this compelled his neighbor to make the advance, and incur the trouble of building it for him, and he should not be allowed to complain that it had been done for him too economically, so long as a good fence has been made, and one that answers the purpose.   Had Stolp made the fence four feet six inches high, we should then most likely have heard Ketchum complaining that an unnecessary expense had been incurred in making it too high.   We have little reason to believe that he would have been better satisfied then than now.   Suppose a similar order made to repair a division fence, would it be insisted that in making the repairs the fence should have been made four feet and a half high, or nothing shall be paid for the repairs?   Indeed, it is objected here in the argument, that the order of the justices was not complied with by making the fence, because some of the old posts were used where they stood, and that hence he repaired the old fence instead of building a new one.   All these objections are quite too technical for the administration of a neighborhood law, like this, which was designed for the purpose of reasonable and practical justice, and to compel one neighbor to do justice to another.   We think the judgment was right, and it must be affirmed.

*Judgment affirmed.*