# T. JUDSON HALE

*v.*

# HUGH ANDREWS.

1. DIVISION FENCES — *right to recover for, not assignable.* The liability imposed by statute upon the owners of adjoining lands to contribute their just share toward the cost, etc., of a division fence is fixed at the time the fence becomes a division fence. The grantee of one who has built a division fence does not succeed to the right of his grantor to enforce contribution from the adjoining owner. This right, being a mere chose in action, is not the subject of assignment.

2. SAME — *power of fence viewers determined by notice.* The notice served, under which fence viewers are selected, is jurisdictional, and they cannot, without the express consent of the parties interested, act upon any other or different question than that expressed in the notice, and without notice they cannot be selected to act at all.

3. When fence viewers were selected under a notice that they were to be selected to settle a dispute concerning the proportion of a division fence to be made by each of the parties, they will have no power to assess the amount to be paid by one of the parties to the other for a portion of a fence already built.

APPEAL from the Circuit Court of Knox county; the Hon.
ARTHUR A. SMITH, Judge, presiding.

Mr. G. C. LANPHERE, and Messrs. HANNAMAN & WILLOUGHBY,
for the appellant.

· Messrs. WILLIAMS, McKENZIE & CALKINS, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This suit was commenced by appellee against appellant, be-
fore a justice of the peace, to recover the value of one-half of a
certain division fence.

The court below rendered judgment for appellee for the
value of one-half of the fence, as assessed by the fence viewers,
and also for accruing interest thereon, and the costs of the
viewers — in all $84.90.

This judgment, in our opinion, was erroneous, and cannot
be sustained.

Appellee's claim is based on the award of the fence viewers,
and, inasmuch as their jurisdiction is exceptional and limited,
it can only be upheld to the extent it affirmatively appears
they had jurisdiction of the person and the subject matter.

The notice served by appellee on appellant, pursuant to which
the viewers were selected, is jurisdictional, and they could not,
without the express consent of the parties interested, act upon
any other or different question than that expressed in the
notice, and without notice they could not be selected to act
at all.

The only notice served upon appellee, as shown by the record,
is that the viewers were to be selected to settle a dispute con-
cerning the proportion of the division fence to be made by
each.   This manifestly was not sufficient to authorize the selec-
tion of viewers to assess the amount to be paid by appellant for
a partition fence already built, and it is not claimed that appel-
lant appeared before the viewers after they were selected, and
assented to any thing which they did.

From the facts, as we are enabled to understand them from the record, we think it plain that appellee is in no event entitled to recover from appellant the value of one-half of the division fence. .

The first section of the act of 1857, relating to division fences, makes it the duty of the adjoining owners of lands, when they do not wish them to lie open, to make and maintain a just proportion of the division fences. The second section makes it the duty of a person inclosing his land upon the inclosure of another, to refund to the owner of the adjoining lands a just proportion of the value, *at that time,* of any division fence that shall have been made, etc. These are the only provisions of the statute imposing a liability upon the adjoining owner on account of division fences. From them, it is too clear to admit of argument, the liability is fixed at the time the fence becomes a division fence. The fence in question was not built by appellee, but by his grantor, Hitchcock, in 1863, some six years before the property was sold and conveyed to appellee. It appears to have been a division fence, if not at the time it was built, at all events within a short time afterward, and it was certainly such, long before appellee's rights in the fence were vested. His deed conveyed the property to him with the fences on it as they then were, subject to the rights of others, already vested; but it did not invest him with the personal right — the mere chose in action — which his grantor had, to recover for the value of one-half of the division fence which he had made, from the adjoining owner. This belonged to Hitchcock personally, and was not the subject of assignment at law.

The judgment is reversed.

*Judgment reversed.*