## Robert Scott v. Isom Jackson.

1. FENCE VIEWERS—*Extent of Jurisdiction Relating to Division Fences.*—The extent of the jurisdiction of fence viewers to determine matters relating to a division fence depends upon the terms of the notice served by one land owner upon the other.

2. SAME—*Where Their Jurisdiction Depends upon the Terms of the Notice.*—Where such notice described the lands of each owner and informed the owner upon whom the notice was served, that he had neglected to repair or rebuild his proportion of the division fence, and that the owner giving the notice desired to submit to fence viewers the

matter of the sufficiency of such fence and of the duty in the premises of the owner notified, *held*, that such notice authorized the viewers selected thereunder to decide that the owner so notified must rebuild his proportion of the division fence and to give such directions concerning the new fence as the statute places within their control.

3. SAME—*Height of Fence, When Not Essential to a Recovery.*— Where the fence viewers ordered a fence fifty inches high, instead of the fifty-four inches specified by statute as a legal fence, and the party notified did not build, and the party giving the notice, after the further notice provided by statute, built the fence substantially fifty-four inches high, and sued for the cost, and it appeared plaintiff built a good fence and one which would answer the purpose for which the fence was designed, and it was not shown it was more expensive than a legal fence would have been, *held*, he could recover.

4. SAME—*Recovery When They Exceed Their Authority, if the Fence Built is a Legal Fence.*—Even if the viewers exceed their authority in prescribing the exact kind of fence to be built, yet if the owner notified does not build any fence at all, and if the fence built by the other owner is a legal fence, and answers the purpose for which the fence is designed, and it is not shown it cost more than a legal fence of any other kind, the party building the fence can recover its cost of the other owner.

5. SAME—*Recovery Not Precluded When the New Fence is Built Where the Old Fence Was Slightly Out of Line.*—The fact the new fence is built on the line at a place where the old fence was slightly out of line will not preclude a recovery.

**Action Under the Fence Law**, to recover the cost of building a division fence. Appeal from the Circuit Court of Mercer County; the Hon. FRANK D. RAMSAY, Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Opinion filed February 13, 1901.

W. J. GRAHAM, attorney for appellant.

When a general statute prescribes what shall be a sufficient fence, without an agreement, fence erected should be of height required by statute. Albright v. Bruner, 14 Ill. App. 320.

The jurisdiction of fence viewers is exceptional and limited. Hale v. Andrews, 75 Ill. 253; Campbell v. Feyerabend, 53 Ill. App. 225; Farmer v. Young, 86 Iowa, 382; Sears v. Inhabitants of Charlemont, 6 Allen, 437.

The law of 1819, Sec. 14, regarding enclosures, was intended to prevent arbitrary dictation of any particular kind of fence by the fence viewers. Scott v. Wirshing, 64 Ill. 104.

Partition fence must be upon the line.   Kennedy v. Owen, 131 Mass. 431.

GUY C. SCOTT, attorney for appellee.

Where a party builds a division fence which his adjoining neighbor who owns the same has failed to rebuild, after having been ordered so to do by the fence viewers, he is entitled to recover from the failing party the expense of building, even if the fence as rebuilt is not of the statutory height, provided the fence built is sufficient to turn ordinary stock.   Ketchum v. Stolp, 15 Ill. 341.

Where a division fence is erected between adjoining land owners and each agrees to maintain a certain portion thereof, they thereby adopt the height of that fence, whatever it may be, as the height of their division fence, and when kept in repair and of the height so adopted it will be deemed a sufficient fence.   Albright v. Bruner, 14 Ill. App. 319.

MR. JUSTICE DIBELL delivered the opinion of the court.

Isom Jackson and Barney Martin were adjoining land owners.   They agreed upon a division of the fence between their lands, so that each should own and keep up a certain part thereof.   Martin sold his land to Robert Scott, and Jackson and Scott agreed that the old division should be retained, and that Scott should own and keep up the part previously belonging to Martin.   Thereafter Scott's part of the line fence became rotten, out of repair, and unfit to turn stock.   He frequently promised Jackson to repair it, but did not.   Jackson then, acting under the provisions of chapter 54 of the Revised Statutes, notified Scott in writing to select a fence viewer.   The eight days fixed by section 8 of said statute passed without Scott making a selection. Jackson selected two viewers; they fixed a date for hearing the matter, caused written notice to be served upon Scott, and at the date named (and in the absence of Scott, who did not appear), viewed the fence, and afterward rendered a decision in writing requiring Scott to rebuild his part of the division fence.   A copy of this order was served

upon Scott. He did not act. After the expiration of thirty days, Jackson, acting under section 11 of said statute, served written notice upon Scott that unless he rebuilt said fence within sixty days thereafter, Jackson would rebuild it at Scott's expense. All the papers were filed in the office of the town clerk, as required by the statute. Scott did not build the fence. After the expiration of sixty days Jackson built it, and then brought this suit against Scott before a justice of the peace to recover the cost thereof. Jackson recovered before the justice, and Scott appealed to the Circuit Court, where, at the close of plaintiff's evidence, defendant moved to exclude the evidence and direct a verdict for defendant. This motion was denied, and defendant excepted and offered no proof. A verdict was rendered for plaintiff for $103.93, the exact cost of the fence. Defendant moved for a new trial. This was denied, and judgment entered upon the verdict, and defendant appeals.

1.   Defendant argues the complaint made by Jackson to the fence viewers was insufficient to give them jurisdiction to order a fence built. Reliance is had on Hale v. Andrews, 75 Ill. 252, where the court said :

" The notice served by appellee upon appellant, pursuant to which the viewers were selected, is jurisdictional, and they could not, without the express consent of the parties interested, act upon any other or different question than that expressed in the notice, and without notice they could not be selected to act at all."

In that case the notice was that viewers were to be selected to settle a dispute concerning the proportion of the division fence to be made by each, while the viewers' decision was that defendant should pay plaintiff a certain sum for part of a partition fence built years before by the grantor of plaintiff; and this the court held the viewers had no jurisdiction to require. Here Jackson, when on the witness stand, was unable to state what he told the viewers except that he wanted them to view the fence. But according to the above decision it is the notice served by Jackson upon Scott calling for fence viewers which determined the juris-

diction of the fence viewers thereafter selected under said notice, and if it were otherwise and the complaint he made to the viewers is the test of jurisdiction, the written notice he served and under which they acted is better evidence of the complaint he made than his subsequent memory of what he said.   That notice informed Scott that he had neglected to repair or rebuild his proportion of the division fence between the adjoining lands of Scott and Jackson, fully describing the lands of each; that Jackson desired to submit the matter of the sufficiency of the fence, and Scott's duty in the premises, to fence viewers of the town for their decision; and that if Scott neglected for eight days after receiving the notice to make choice of a viewer to act in the matter, Jackson would thereafter proceed and select both viewers for the purpose, and submit said matter to them. This notice, served upon Scott by reading and by copy, was filed with the town clerk, and was the source of the jurisdiction of the viewers afterward selected, and we think it conferred authority upon them to decide that Scott must rebuild, and to give such directions concerning the new fence as the statute placed within their control.

2.   The order of the viewers, after reciting the previous proceedings, adjudged the fence insufficient, and directed that Scott, within thirty days after service of notice of the order, erect his proportion of the division fence, " said fence to consist of posts and wires, commonly known as the Bowen Cable Stay fence, of not less than ten wires; posts to be good oak or hedge, and placed not more than sixteen feet apart; stays to be not more than two feet apart; said fence to be, when completed, fifty inches high." It is argued the order was erroneous in not directing a fence fifty-four inches high, and in directing the erection of a particular kind of fence.   Section 2 of the statute provides as follows :

" Fences four and one-half feet high and in good repair, consisting of rails, timber, boards, stone, hedges, barb wire or whatever the fence viewers of the town or precinct where the same shall lie shall consider equivalent thereto, shall be deemed legal and sufficient fences."

In Ketchum v. Stolp, 15 Ill. 341, where, after the party

required by the fence viewers to build a division fence failed
to build it, and the other party had then built the fence less
high than the legal requirement, it was held he could never-
theless recover the cost of the fence built, if it was practi-
cally a good fence and one which would answer the purpose
for which it was designed, unless it appeared the fence was
not worth as much in proportion to its cost as one of the
legal height would have been; and the court said defendant
" ought not to complain that it was made at a less cost to
him than might have been incurred for that purpose."
Here, the proof shows the new fence is a good one and
will turn stock, and it was in fact built about fifty-four
inches high, except in passing over some elevations. The
top and bottom wires were fifty inches apart, and the bot-
tom wire was generally about four inches from the ground,
except that the ground was very uneven, and in stretching
the bottom wire over certain elevations or ridges, it neces-
sarily rested upon the ground there. On account of the
unevenness of the ground it was not practicable to make
the fence at every place exactly the same number of inches
above the surface. Again, the former fence was only four
feet high, and this may be treated as a waiver of the right
to a fence of the height prescribed by the statute. (Al-
bright v. Bruner, 14 Ill. App. 319.) If it be conceded the
viewers could not compel the erection of a Bowen Cable
Stay fence, yet by their order defendant was required to
build a legal fence. It may be if he had built a sufficient
fence of other materials and kind, it would have been a sub-
stantial compliance with the order. But he built none, and
the fence plaintiff built is a legal fence, will turn stock, and
has the approval of the viewers, and they have in effect
exercised the power conferred upon them by section 2 of
the statute, and determined a fence of that material to be
a legal and sufficient fence. It is not shown that this fence
cost any more than a legal fence of any other kind or material
would have cost. The proof shows defendant caused the
same kind of fence to be built on his own land, at the same
price for the labor.

3. It is claimed the fence is not on the line of the old fence. The proof shows it is on the same line except that where the two fences joined, the old fence swayed slightly out of line, and plaintiff, in building the new fence, straightened the fence at that point. As said in Ketchum v. Stolp, *supra*, "these objections are quite too technical for the administration of a neighborhood law like this, which was designed for the purpose of reasonable and practical justice, and to compel one neighbor to do justice to another."

The judgment is affirmed.