## Ivory W. Merritt, Jr., Appellee, v. C. B. Summers and Alice Summers, Appellants.

1. FENCES, § 6*—*decision of viewers as competent evidence in action to recover part of cost of fence.* In an action to recover the cost of building a part of a partition fence, the decision of the fence viewers rendered pursuant to and conforming to Hurd's Rev. St. ch. 54, sec. 10 (J. & A. ¶ 5710) is competent evidence.

2. FENCES, § 6*—*who has burden of proving that notice of petition for view was not served on defendant.* In an action to recover the cost of building a part of a partition fence, the decision of fence viewers setting out the notice to defendant of the petition for a view and the affidavit of service of such notice is prima facie evidence of the service of the notice, and the burden is on defendants alleging lack of service to show that the notice was not served.

3. FENCES, § 6*—*what evidence sufficient to show service of notice of fence proceeding.* The statute providing for the apportionment of the cost of line fences by viewers (see J. & A. ¶ 5701 *et seq.*) does not provide any particular mode for serving notice of the proceeding nor how service shall be proved, and the affidavit of one that on a certain day he, personally, served said notice by

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

delivering a true copy thereof to defendants in person is sufficient evidence of the service of the notice.

Appeal from the Circuit Court of Coles county; the Hon. WALTER BREWER, Judge, presiding. Heard in this court at the April term, 1919. Affirmed. Opinion filed October 21, 1919. Rehearing denied December 29, 1919.

JOHN T. KINCAID, for appellants; ALBERT C. ANDERSON, of counsel.

CHARLES C. LEE, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

Appellee sued C. B. Summers and Alice Summers before a justice of the peace for the costs of building a part of a partition fence. Appellants made no defense before the justice of the peace, but took an appeal to the Circuit Court of Coles county, where the case was tried before the court without a jury and a judgment rendered by the court for $69.25. Appellee introduced the decision of two fence viewers filed with the town clerk of the Town of Hutton. As we understand this decision, it has attached to it and made a part thereof the original petition signed by appellee and addressed to the fence viewers of the Town of Hutton and to Clarence B. Summers and Alice M. Summers, appellants, in which is set forth that the partition fence between his lands and those of appellants was in a defective condition and should be rebuilt and repaired and stated that appellants had neglected and refused to keep and maintain their portion of said fence in proper repair to turn stock, etc., and requested that said fence viewers be called to determine what portion of the fence should be maintained by the appellants and what portion should be maintained by appellee and to direct that said fence be repaired and put in condition to turn stock, and that

appellants select and designate within 8 days from the time notice thereof is served upon them a fence viewer to hear the foregoing matters and determine the same. There also appears to be attached to said decision a notice signed by appellee and directed to appellants notifying them that appellee filed said petition in the office of the town clerk February 20, 1918, and notifying them also to select one fence viewer to act with the one selected by appellee within 8 days from the receipt of said notice. To this notice is attached an affidavit of service wherein one John Ehrsam on oath states that he served a true copy of said notice on Alice M. Summers February 22, 1918, by delivering it to her in person, and that on the 23rd day of February, 1918, he delivered a true copy of said notice to Charles B. Summers in person. The decision sets out also all the further proceedings of the fence viewers, to which no complaint is made. When this decision filed with the town clerk was offered in evidence, it was objected to by appellants on the ground that it was incompetent. Section 10 of chapter 54, Hurd's Rev. St. (J. & A. ¶ 5710) provides as follows: "The decision of the fence viewers shall be reduced to writing; shall contain a description of the fence, and of the proportion to be maintained by each, and their decision upon any other point in dispute between the parties, submitted to them as aforesaid; and shall be forthwith filed in the office of the town clerk, or in the office of the county clerk in counties which shall not have adopted township organization." Section 11 (J. & A. ¶ 5711) provides that if any person who is liable to contribute to the erection or reparation of a division fence shall neglect or refuse to do so, the injured party, upon giving the required notice, may build or repair the same at the expense of the other party.

Certainly, the decision of the fence viewers was competent evidence and without it no suit could have

been maintained. The decision in this case is very carefully drawn and contains every step taken and all the proceedings, which appear to have been in strict conformity with the statutes in all respects.

Appellants offered no evidence on the trial, but contented themselves with a general objection to the decision of the fence viewers on the ground that it was incompetent. The basis of their claim is that there was no evidence that appellants were served with the notice heretofore mentioned. No specific objection was made that the reason of the incompetency of the decision was lack of proof of the service of the notice in question, thereby depriving the fence viewers of any jurisdiction in the matter. It has been held that the notice under which fence viewers are selected is jurisdictional. *Hale v. Andrews,* 75 Ill. 252. The decision of the fence viewers sets out the notice and the affidavit of its service. This is, at least, prima facie evidence of the service of the notice, and the burden was upon appellants to show that there was, in fact, no service of such notice. The statute does not require any particular way in which such notice should be served or how such service should be proved. The affidavit of a person that on a certain day he personally served said notice by delivering a true copy thereof to the defendant in person is sufficient evidence of the service of such notice. Appellants' objections are highly technical and are in line with those mentioned in the case of *Ketchum v. Stolp,* 15 Ill. 341, which was a case of similar character and in which the court said: "All these objections are quite too technical for the administration of a neighborhood law like this, which was designed for the purpose of reasonable and practical justice, and to compel one neighbor to do justice to another. We think the judgment was right, and it must be affirmed."

So, in this case, appellants concede that the fence needed to be repaired and raised no question upon the

equitable division of the portions of the fence between them and appellee. They refused to repair or contribute their portion of the expense of its repair and seek to avoid liability on the ground that the proofs do not show that they were personally served with notice. We hold that the proofs do show prima facie that appellants were served with such notice and the judgment of the Circuit Court is affirmed.

*Affirmed.*