Edward Kibbat, Appellee, v. May Clokey, Appellant.

Gen. No. 8,503.

Opinion filed November 4, 1931.

ELIZABETH MAYO and DAVID C. WILLIAMS, for appellant.

L. T. GRAHAM, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

This is an action brought to recover the cost of erecting appellant's portion of a division fence dividing the lands of the latter from those of appellee, and wherein appellee recovered a judgment for $67.50. The suit is based upon paragraph 11, ch. 54, Cahill's Rev. Stat. as amended in 1917 entitled "An Act to revise the law in relation to fences." Sec. 11 is as follows:

"If any person who is liable to contribute to the erection or reparation of a division fence shall neglect or refuse to make or repair his proportion of such fence, the party injured, after giving sixty days' notice, in writing, that a fence should be erected, or ten days' notice, in writing, that the reparation of a fence is necessary, may make or repair the same at the expense of the party so neglecting or refusing, to be recovered from him, with costs of suit, before a justice of the peace or any other court of competent jurisdiction; and the party so neglecting or refusing, after notice in writing, shall be liable to the party injured for all damages which shall thereby accrue."

Insofar as the rights of the parties are concerned in this suit they have not been substantially changed by statute since the original act was passed in 1874. A number of errors have been assigned by appellant as cause for the reversal of the judgment which was rendered in the court below in favor of the plaintiff or appellee. Section 8 of the Act, Cahill's St. ch. 54, ¶ 8, provides that when any of the above mentioned matters (fence) shall be submitted to fence viewers, each party shall choose one; and if either neglect, after eight days' notice in writing, to make such choice, the other party may select both, and for all purposes of notice

under the Act it shall be sufficient to notify the tenant or person in possession of said adjoining premises, when the owner thereof is not a resident of the town in which such fences are situated. The only evidence pertaining to the giving of any notice to appellant to select fence viewers was the oral testimony of appellee: "I gave notice to select fence viewers." Section 8 specifically provides that eight days' notice in writing must be served upon the adjoining landowner before the fence viewers can be selected, and such notice is jurisdictional. In the case of *Hale v. Andrews*, 75 Ill. 252, it was held: "Appellee's claim is based on the award of the fence viewers, and, inasmuch as their jurisdiction is exceptional and limited, it can only be upheld to the extent it affirmatively appears they had jurisdiction of the person and the subject matter.

"The notice served by appellee on appellant, pursuant to which the viewers were selected, is jurisdictional, and they could not, without the express consent of the parties interested, act upon any other or different question than that expressed in the notice, and without notice they could not be selected to act at all."

There was no evidence that any written notice was ever served upon appellant, the owner, or upon her tenant or any person in possession of the premises for the appointment of fence viewers. The testimony of appellee above quoted is but a pure conclusion and evidence of nothing. The fence viewers under these circumstances had no jurisdiction to act. We might mention in this connection that the only evidence of the finding of the fence viewers is a purported uncertified copy thereof written by a former town clerk which was admitted in evidence over the objection of appellant. There was no evidence that the original finding of the fence viewers signed by them was destroyed or lost nor that the exhibit was a true copy of said report. The admission of this copy was error.

There is no evidence in the record as to the exact date that appellee constructed the fence in question. His own testimony is to the effect that he constructed the fence in the winter of 1924 or early in January, 1925. The bill for the barbed wire fencing, staples, posts and labor rendered to appellant is dated January 8, 1925, thus conclusively showing that appellee had constructed the fence prior to that time. This suit was not brought until May 12, 1930, when it was instituted before a justice of the peace on that date. No written pleadings are required before a justice of the peace but appellant orally pleaded the statute of limitations. If appellee had had a cause of action it was barred by the statute of limitations under sec. 15, ch. 83, Cahill's Rev. Stat. ¶ 16.

The judgment of the county court is reversed with findings of facts.

*Reversed with findings of facts.*

The court makes the following findings of facts which are to be incorporated in the judgment of the court in this case:

(1) The court finds that the fence viewers had no jurisdiction of the subject matter of this suit nor of the person of appellant.

(2) The court further finds that the cause of action alleged is barred by the statute of limitations.