### ERIE INSURANCE EXCHANGE

V.

### JERALD JONES

Record No. 860354

September 23, 1988

Present: All the Justices

*Russell H. Roberts (Roberts & Ashby*, on brief), for appellant.

*R. Craig Jennings (Slenker, Brandt, Jennings & Johnston*, on brief), for appellee.

CARRICO, C.J., delivered the opinion of the Court.

Rule 4:12(c)[1] provides that a trial court shall award attorney's fees and expenses to a party who is put to the necessity of proof by his opponent's failure to admit the truth of a matter when requested pursuant to Rule 4:11, unless the party failing to admit has reasonable ground to believe that he might prevail on the matter. In this case, the trial court awarded the appellee, Jerald Jones, attorney's fees of $250 and expenses of $1753.40 against the appellant, Erie Insurance Exchange, because of the latter's failure to make certain requested admissions.

Jones was injured in an automobile accident on October 20, 1983. He filed a motion for judgment against Margaret Mary Evans alleging that her negligence caused his injuries. Process was served on Evans, but she failed to respond. Process also was served on Nationwide Mutual Insurance Company and Erie Insurance

---

[1] In pertinent part, Rule 4:12(c) provides:

If a party fails to admit . . . the truth of any matter as requested under Rule 4:11, and if the party requesting the admissions thereafter proves . . . the truth of the matter, he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court shall make the order unless it finds that . . . (3) the party failing to admit had reasonable ground to believe that he might prevail on the matter. . . .

Exchange, as uninsured motorist carriers, and each filed a response in its own name.[2]

After the parties were at issue, Jones served requests for admission upon Erie. The latter admitted five requests relating to Evans' liability but denied thirty-five others concerning the nature and extent of Jones' injuries, the treatment he received, and the expenses he incurred.

On the eve of trial, Nationwide reached a settlement with Jones. The next day, the case went to trial before a jury, with Erie defending Evans. The trial court entered summary judgment in favor of Jones on the question of liability, and the jury awarded him $200,000 in damages.

Following return of the verdict, Jones filed a motion citing the thirty-five requests for admission which were denied by Erie and asking that he be allowed attorney's fees and expenses for making "his proofs concerning his injuries [and] his medical expenses." As indicated previously, the trial court granted the motion and made the allowances requested by Jones. On appeal, the sole question for decision is whether the trial court erred in making the allowances.

The controversy centers on three of the requests for admission which were denied by Erie. In these three requests, Jones asked Erie to admit:

> 10. As a proximate result of Margaret Evans' negligence in causing the accident on 10/20/83, Jerald Jones sustained a herniated lumbar disc.
>
> . . . .
>
> 12. As a result of the herniated disc proximately caused by Margaret Evans' negligence, Jerald Jones was caused to undergo a decompression L4-S1 and arthrodesis L4-S2.
>
> . . . .
>
> 17. In an attempt to be cured of the injuries sustained as a proximate result of the collision, Mr. Jones was admitted to National Orthopaedic & Rehabilitation Hospital from 11/28/83 to 12/10/83 with a diagnosis of herniation nucleus pulposus L5-S1.

---

[2] At the time of the accident, Jones was operating a vehicle owned by his employer, upon which Nationwide provided uninsured motorist coverage. Erie provided similar coverage on Jones' personally owned vehicle.

Essentially, what Jones asked Erie to admit in these three requests was that he had suffered a herniated disc in the accident and that, as a consequence, he had been forced to undergo surgery and submit to other treatment, for which he incurred medical expense. It was Erie's position throughout the litigation, however, that Jones had not suffered a herniated disc and, therefore, that the treatment he received was not necessitated by the accident. It was warranted in taking this position and denying requests Nos. 10, 12, and 17, Erie maintains, in light of the expert testimony submitted by Jones himself.

At trial, Jones offered the testimony of his initial treating physician, Gerard Engh. Doctor Engh conducted a series of tests, and he testified that "the tests were all quite positive and all in agreement that [Jones] did have a herniated disk." When Jones did not respond to "conservative treatment," however, Dr. Engh considered the necessity of surgery and referred Jones to Dr. H. Rolf Noer, an orthopedic surgeon.

Jones also offered Dr. Noer's testimony at trial. The doctor testified that he first "thought" Jones "probably had disk disease," and that he recommended surgery. Upon performing the surgery, however, Dr. Noer found he "was misled"; Jones did not have "a disk hernia," but, instead, suffered from "spinal stenosis," a condition described by the doctor as a narrowing of the "channel through which . . . [a]ll of the nerves pass." When asked on cross-examination whether the "lessening in size" of the channel was caused by Jones' accident, Dr. Noer responded that he did not know.[3]

■ We think these statements of Dr. Noer show clearly that Erie had a reasonable basis for failing to admit Jones had a herniated disc. Indeed, when Dr. Noer's testimony is viewed alongside Dr. Engh's, a sharp conflict is revealed in the opinions of the two experts on the question whether Jones suffered a herniated disc, and Erie cannot be faulted for relying upon the opinion which most favors its position.

Jones argues, however, that even though Erie may have had a reasonable basis for denying he suffered a herniated disc in the

---

[3] Doctor Noer also found during the surgery that Jones had a "bulging disk," which the doctor described as a "[p]ooching out" of the "pulpy center" of the disc. But the doctor's testimony made it clear that the "[p]ooching out" did not amount to a "disk hernia." Doctor Noer also found that Jones had "a problem of an incomplete [sacrum]," but the doctor said this problem had existed since Jones was "six or seven."

accident, it should have admitted those portions of the requests for admission about which there could be no dispute. Consequently, Jones says, the trial court properly imposed sanctions upon Erie for failing to admit that he suffered serious injuries in the accident, that the treatment he received was necessitated by the accident, and that he incurred expenses in an attempt to be cured.[4]

■ Under Rule 4:11(a), a party upon whom requests for admission are served has a "good faith" duty to "specify so much of [a request] as is true and qualify or deny the remainder." But we think there is a reciprocal duty upon the party requesting admissions to phrase his requests with clarity and fairness, so that the other party can safely "specify so much of [a request] as is true" without conceding away a disputed point.

■ Jones' requests for admission did not conform to the necessary standard of clarity and fairness. Jones did not ask Erie for the mere admission that he had sustained serious injuries in the accident. Rather, he asked Erie to concur in a specific medical diagnosis which he knew had been proven inaccurate. Furthermore, Jones tied his requests relating to medical treatment into the same inaccurate diagnosis, placing Erie at risk of conceding the accuracy of the diagnosis if it admitted the requests concerning treatment. Under the circumstances, we do not think Erie's failure to make a partial admission concerning Jones' injuries and treatment constituted a breach of good faith.

■ We agree with Jones that in deciding whether to impose the sanctions authorized by Rule 4:12(c), a trial court is vested with broad discretion. But where, as here, the party failing to admit the truth of a matter clearly has reasonable ground to believe that he might prevail on the matter, it is an abuse of discretion to impose the sanctions. Accordingly, the trial court's award to Jones of attorney's fees and expenses will be reversed, and final judgment with respect to that award will be entered here in Erie's favor.

*Reversed and final judgment.*

---

[4] The question of Jones' medical expenses merits only passing reference. Erie admitted at trial the "genuineness and . . . reasonableness" of Jones' medical bills, and Jones knew well before trial that Erie intended to stipulate "to the authenticity of [his] medical bills and the reasonableness of the charges for the services rendered," although not to the "causation" for the charges.