## CIRCUIT COURT OF LOUDOUN COUNTY

HCA Health Services
of Virginia, Inc.

v..

Gregory Allen

July 11, 1994

Case No. (Law) 14479

BY JUDGE JAMES H. CHAMBLIN

This case is before the Court on the Plaintiff's Motion to Treat as Admitted Answers to Fourteen of Plaintiff's Requests for Admissions filed on June 6, 1994. The Court has considered the memoranda filed by counsel, as well as counsel's comments on July 1, 1994.

For the reasons hereafter stated, the Motion is denied. However, pursuant to Rule 4:11, the Defendant is ordered to serve amended answers to Requests for Admission 14, 16, 20, 21, 23, 24, and 34 on or before July 25, 1994.

In their memoranda, counsel refer extensively to other discovery in the case, the testimony of witnesses in deposition and the opinion of counsel as to the facts of the case. These matters are irrelevant to the sufficiency of the Defendant's responses. This Court deems the Plaintiff's motion to be one for a judicial determination of the sufficiency of the responses. In doing so, the Court merely determines whether the responses comply with the requirements of Rule 4:11. At this stage of the proceedings, the Court does not make factual determinations and then judge the sufficiency of a response in light of the facts.

If the Plaintiff feels that the Defendant has wrongfully denied a request for admission, then it has a remedy under Rule 4:12(c) if it thereafter proves at trial the truth of the matter denied by the Defendant in response to a request for admission.

Requests for Admission 11, 13, 15, and 33 are specifically denied by the Defendant. He used the words "denied" or "denies" in his responses. These are sufficient responses under Rule 4:11. It is absolutely irrelevant to the motion that another witness in deposition testified to the truth of the matter set forth in the request for admission. If later the Plaintiff proves the truth of any such matter denied by Defendant, then it can move for its reasonable expenses in making that proof under Rule 4:12(c).

The Defendant responded to Requests for Admission 14, 16, 21, 23, and 24 by stating that he cannot admit or deny the Request as he does not have sufficient information to respond. Under Rule 4:11, such a response is not permitted unless the responding party states that he has made reasonable inquiry and that the information known to or readily obtainable by him is insufficient to enable him to admit or deny. The Defendant did not state this in his responses to these Requests.

The Defendant correctly points out that there is a reciprocal duty on a party requesting admissions to phrase his requests with clarity and fairness under *Erie Insurance Exchange v. Jones*, 236 Va. 10, 14 (1988). However, I am of the opinion that the five aforesaid requests do meet the standard of clarity and fairness.

The Defendant responded to Requests for Admission 22 and 29 as he did to 14, 16, 21, 23, and 24. However, such response was proper because these two requests violate the clarity and fairness standard. Any time a party is asked to admit the truth of a negative, the request must be very specific in all respects so as to allow a fair response. Both requests are very broad and general. For example, in Request for Admission 22, there is no mention of who produced the advertising, or, in Request for Admission 29, there is no definition of "staff member." These two responses are treated as justifiable objections to the requests.

The response to Request for Admission 27 is proper because it states why the Defendant cannot truthfully admit or deny the matter.

The Defendant's responses to Request for Admission 20 and 34 are completely improper under Rule 4:11. Neither is an answer or an objection. Both responses are completely non-responsive to the requests.

Considering the nature and subject matter of the Requests for Admissions and the way each has been phrased by the Plaintiff, the Court refuses to deem admitted the Requests to which the Defendant has not properly responded, but, instead, orders the Defendant to serve proper responses to Requests for Admissions 14, 16, 20, 21, 23, 24, and 34 on or before July 25, 1994.

If the Plaintiff desires to pursue a request for its reasonable expenses for bringing the motion under Rule 4:11 and Rule 12(a)(4), then it shall properly notice the matter for a hearing. Rule 4:12(a)(4) requires the Court to afford the parties an opportunity for a hearing before awarding such expenses.