# CIRCUIT·COURT OF FAIRFAX COUNTY

Sharif

v.

Brown

January 5, 2000

Case No. (Law) 174100

BY JUDGE R. TERRENCE NEY

Upon a review of the plaintiff's post-judgment motion for sanctions as set out in his counsel's letter to the Court of November 22, 1999, and the memorandum in opposition to the motion for sanctions filed on behalf of the defendant by her counsel, it is the opinion of the Court that the motion for sanctions should be denied.

The issue for a decision is whether sanctions should be awarded because of the necessity for the plaintiff to call Dr. Lawrence Zarkin as an expert witness in order to testify about the injuries suffered by the plaintiff and the reasonableness of the medical expenses. The plaintiff proceeds under Rule 4:12(C)(3) of the Rules of the Supreme Court of Virginia permitting the recovery of reasonable costs, including attorney's fees, where a party denies a request for admission without a reasonable ground to believe that the party might prevail in the matter. The determination as to whether to impose the sanction authorized by the Rule is vested in the trial court with very broad discretion. *Erie Ins. Exch. v. Jones*, 236 Va. 10, 372 S.E.2d 126 (1988).

The problem with the plaintiff's position is that the defendant in the request for admissions admitted the genuiness of the medical bills incurred by the plaintiff. Those bills could have been submitted without the necessity of calling the treating physician. Va. Code § 8.01-413.01 (1999 Cum. Supp.). The defendant did not dispute the medical treatment or the reasonableness of the charges but disputed that both the treatment and charges were incurred "as

a result" of the motor vehicle accident, or were a "proximate result" of the accident. Simply put, the denial of the request for admissions did not challenge the fact of medical treatment or even the reasonableness of the expenses for that treatment but rather challenged that the treatment was necessitated by the accident. That was the issue that had to be proved by the plaintiff. That was in fact the only issue presented to the jury. The defense disputed the connection between the accident and the injuries and argued to the jury that the collision could not have resulted in the injuries claimed because of the fact that the collision itself was so minor in nature.

For these reasons, the plaintiff's post-judgment motion for sanctions is denied.