## CLARENCE WILLIAMS

### V.

## HELLER BROTHERS REALTY

Record No. 821102

Decided March 8, 1985, at Richmond

Present: All the Justices.

*Edwin C. Brown, Jr.*, for appellant.
*John F. Kay, Jr.* (*Thomas J. Walsh*, on brief), for appellee.

PER CURIAM.

The dispositive issues on appeal are whether the statute of frauds applies to an oral agreement and, if so, whether the bar of the statute is removed by part performance.

In October 1975, Heller Brothers Realty, owner of a shopping center, leased Clarence Williams space "for the purpose of operating a retail clothing business." The term was five years and, by letter agreement, the parties renewed the leasehold for an additional five years.

In July 1981, Heller Brothers leased other space to "Boots and Boutique", a retail store specializing in the sale of shoes. Shortly thereafter, Williams filed a bill of complaint against his landlord. Williams alleged that, prior to execution of its original lease, "it was orally agreed . . . by both parties that no other businesses would be leased within the premises which would be in direct competition with plaintiff's business", that "Boots and Boutique is now in direct competition with plaintiff's business", and that Heller Brothers was guilty of "breach of contract". Williams asked the court to "enjoin the defendant from continuing to allow competition . . . with plaintiff's business within the said premises". In answer to the bill, Heller Brothers denied Williams' allegation of the oral agreement and, by way of defense, alleged that "[p]laintiff's Bill is barred by the Statute of Frauds . . . [and] by the parol evidence rule."

The chancellor heard evidence *ore tenus*, held that the testimony concerning the alleged oral agreement was barred by the

parol evidence rule, sustained the plea of the statute of frauds, and dismissed the bill of complaint with prejudice.

On appeal, Williams assigns error to both rulings. If either is correct, we need not consider the other. We assume, without deciding, that evidence of the alleged oral agreement was competent. But Code § 11-2(7) provides that "[n]o action shall be brought . . . [u]pon any agreement that is not to be performed within a year . . . [u]nless the . . . agreement . . . be in writing and signed by the party to be charged thereby . . . ." The agreement Williams seeks to enforce, extending as it does over the full term of the lease, is such an agreement.

Even so, Williams contends that he is entitled to enforce the oral agreement because, he says, "[i]f a parol contract be established and performance of his part of the agreement be proved by one seeking specific performance, then he is entitled to full execution of the contract notwithstanding the statute of frauds." Williams argues that the oral agreement was a contract collateral to the lease, that parol evidence was admissible to prove the oral agreement, that several tenants of the shopping center "confirmed that there was such an agreement", and that "plaintiff's forbearance in compliance therewith" was sufficient part performance to take it out of the statute of frauds.

We disagree. A party seeking to avoid the bar of the statute of frauds must rely upon his own acts of part performance rather than the conduct of others, and "[t]he acts relied on as part performance must be consistent with no theory other than the existence of the alleged oral contract." *Pair* v. *Rook*, 195 Va. 196, 207-08, 77 S.E.2d 395, 401 (1953). Said differently, those acts "must be such as could be done with no other view or design than to perform the agreement." *Plunkett* v. *Bryant*, 101 Va. 814, 819, 45 S.E 742, 744 (1903).

Obviously, forbearance to act is less probative of an antecedent agreement than affirmative action. Nevertheless, Williams contends that the uncontroverted evidence of his forbearance to compete is proof of part performance of his oral agreement with Heller Brothers. But his theory is only one of several theories, all of which are equally plausible. For example, the lease document provided that the premises were let to Williams "for the purpose of operating a retail clothing business", and Williams may have felt that he was legally bound by the *written* provision to engage in no other business. On the other hand, he may have forborne

because he had no skill in the conduct of other business enterprises; because he was financially unable to expand; because he was unwilling to assume the risk of competing with established retailers; or simply because, by personal preference, he was uninterested in undertaking a different commerical venture.

Applying the principles in *Pair* and *Plunkett*, we hold that Williams' action was barred by the statute of frauds, and we will affirm the decree.

*Affirmed.*