Donna L. Beach

v.

Virginia National Bank, Executor, etc.

Record No. 850470

April 22, 1988

Present: All the Justices

*Russell R. Stallard* for appellant.
*James C. Howell (T.H. Willcox, Jr.; Philip G. Denman; Willcox & Savage, P.C.,* on brief), for appellee.

THOMAS, J., delivered the opinion of the Court.

In this case, the trial court sustained, with prejudice, a demurrer to an amended bill of complaint for specific performance of an alleged oral promise to convey land for consideration. On appeal, upon familiar principles, we view the well-pled facts and all reasonable inferences arising therefrom in the light most favorable to the complainant, Donna L. Beach.*

According to the allegations contained in Beach's pleading, Samuel G. Jones died testate on September 27, 1977, leaving all his estate to Virginia National Bank as his executor and trustee. Beach alleges that a portion of Jones' realty belonged to her.

According to Beach, in June 1975, Jones promised to convey to her four and one-half acres of land with improvements thereon commonly known as 5525 Sajo Farm Road in the City of Virginia Beach. Beach also alleged the boundaries of the property.

Beach alleged further that in exchange for this property, she promised "to perform labor one day of each week upon" a farm owned by Jones. She alleged further that she "did provide said one day's labor weekly for and on behalf of " Jones. She also alleged that in reliance upon the "oral promise to convey" she took occupancy of the property and has occupied it continuously ever since. Finally, Beach asserted that she made "valuable improvements" to the property.

---

* There were three bills of complaint filed by Beach. The first two were dismissed on demurrer with leave to amend. In both orders dismissing the first two bills of complaint, the trial court recited that its ruling was based upon "the representations of counsel as to the facts surrounding the nature of the alleged contract," along with other materials not set forth on the face of bills of complaint that were under consideration. On demurrer, it is improper to consider anything other than the raw pleading itself, including exhibits made part thereof. Significantly, however, Beach does not claim error concerning the disposition of her first two bills of complaint. Thus, our review in this appeal is limited to the trial court's disposition of Beach's third bill of complaint.

■ The statute of frauds generally precludes enforcement of oral contracts for the sale of realty. Code § 11-2 provides in pertinent part as follows: "No action shall be brought . . . (6) [u]pon any contract for the sale of real estate . . . [u]nless the promise, contract, agreement, representation, assurance, or ratification, or some memorandum or note thereof, be in writing and signed by the party to be charged thereby, or his agent . . . ." Beach attempts to escape the effect of the statute of frauds by alleging part performance, one of the exceptions to that statute. *See Williams* v. *Heller*, 229 Va. 55, 57, 326 S.E.2d 661, 662 (1985).

■ The controlling principles are well settled. To escape the statute of frauds, the oral agreement "must be definite, certain, and unequivocal in all its terms." *Woodbridge* v. *Outland*, 212 Va. 157, 161, 183 S.E.2d 162, 165 (1971). Certainty means that each term is expressed in an exact manner; by contrast, uncertainty means that terms are expressed inexactly, indefinitely, and obscurely so that the intent is not ascertainable. *See Smith* v. *Farrell*, 199 Va. 121, 127-28, 98 S.E.2d 3, 7 (1957). Further, the acts the plaintiff relies on to establish part performance must be consistent with no theory other than the existence of an oral contract. See *Williams*, 229 Va. at 57, 326 S.E.2d at 662 (1985); *Pair* v. *Rook*, 195 Va. 196, 207, 77 S.E.2d 395, 401 (1953). Finally, the agreement must be so far executed that a refusal to require full execution would operate as a fraud upon the plaintiff. *See Mann* v. *Mann*, 159 Va. 240, 165 S.E. 522 (1932).

■ Viewed in light of the foregoing legal principles, Beach's bill of complaint was plainly inadequate. The most glaring deficiency concerns the allegation of the oral agreement. Beach claims that her consideration for the property was "to perform labor one day each week" upon Jones' farm. There was no allegation of what specific work was required or for how long it was required. In short, there is no way to tell from the bill of complaint how much labor Beach had to perform in order to purchase the land in dispute.

■ The agreement was allegedly made in June 1975, but no conveyance had been made as of September 27, 1977, when Jones died. Thus, more than two years of labor of one day per week was apparently not sufficient as the purchase price for the land. The lack of a stated time period for the labor to be performed is fatal in this case. The situation in this case differs from those where the claim is a promise to devise property. In those cases, it can be

assumed that the time period of work needed to supply the requisite consideration is from the start of the agreement to the death of the land owner. We cannot make such an assumption in a case where the claim is of a promise to make an inter vivos transfer for consideration.

In light of the foregoing, we hold that the trial court did not err when it sustained defendant's demurrer and dismissed this case with prejudice. Therefore, the judgment of the trial court will be affirmed.

*Affirmed.*