## CIRCUIT COURT OF FAIRFAX COUNTY

Robert Street Builder, Inc.

v.

Michael W. Beavers et al.

October 11, 1990

Case No. (Chancery) 116498

By JUDGE JACK B. STEVENS

The Court has had this matter under advisement upon the complainant Robert Street Builder, Inc.'s (hereafter RSB) Motion for Partial Summary Judgment and Plea in Bar to the defendant Beavers' (hereafter Beavers) Counterclaim.

RSB's Motion for Partial Summary Judgment is based upon its contention that there is no material fact in dispute and that the Beavers have admitted the debt involved. Beavers contend that their allegations of an oral agreement that RSB would be paid out of the proceeds of sale, which is denied by RSB, constitutes a material fact in dispute. The Court agrees and RSB's Motion for Partial Summary Judgment is denied.

RSB's Plea in Bar is based upon the Statute of Frauds, Sections 11-2(7) and 11-2(9), Code of Virginia (1950), as amended.

The Court agrees with the Beavers that § 11-2(7) is restricted in application to a real estate "broker" or "salesperson" as defined in § 54.1-2100 and § 54.1-2101, respectively, and none of the parties here fit those definitions. As such, the Plea in Bar of RSB is denied insofar as based upon § 11-2(7), Code of Virginia (1950), as amended.

The Beavers next argue that § 11-2(9) (barring enforcement of an oral extension of credit of $25,000.00 or more)[1] does not apply because the statute did not become effective until July 1, 1990, long after the alleged agreement was made. The Court disagrees. In *T. v. T.*, 216 Va. 867 (1976), the Court specifically held that:

> A contract within the ambit of the statute [of frauds] is not *void ab initio* but cannot be enforced . . . The statute is procedural or remedial in nature and is concerned, not with the validity of the contract, but with its enforceability . . . . (Citations omitted.)

216 Va. at 871.

The Statute is therefore applicable to the enforcement of the oral contract alleged by the Beavers unless some other exception applies.

The Beavers argue that that exception is their part performance. They allege that as acts of part performance of the alleged oral contract, they signed a listing agreement to sell the house constructed by RSB with the wife of the chief executive officer of RSB as the listing agent for the real estate broker, and they "allowed" RSB to complete the construction of the house.

In *Williams v. Heller*, 229 Va. 55 (1985), the Court, in discussing the acts required to establish part performance to take an oral agreement out of the statute of frauds stated:

> A party seeking to avoid the bar of the statute of frauds must rely upon his own acts of part performance rather that the conduct of others, and "[t]he acts relied on as part performance must be consistent with no theory other than the existence of the alleged oral contract." *Pair v. Rook*, 195 Va. 196, 207-08, 77 S.E.2d 395, 401 (1953). Said differently, those acts

---

[1] Although the Beavers state that Section 11-2(9) would not apply in this situation since "[t]his is not a lender extending credit," it is clear that the statute contains no such limitation, and the Court may not graft one upon it.

"must be such as could be done with no other view or design than to perform the agreement." *Plunkett v. Bryant*, 101 Va. 814, 819, 45 S.E.2d 742, 744 (1903).

229 Va. at 57.

The Court does not find the listing agreement as being consistent with no other view or design than to perform the oral agreement. The same is true of RSB's completion of the house. Aside from being the acts of a party other than the party claiming part performance, RSB had a separate contract to complete the house. The Court therefore finds that the Beavers' allegations are insufficient to take the alleged oral contract out of the operation of § 11-2(9), Code of Virginia (1950), as amended, under the doctrine of part performance. The Plea in Bar of RSB is therefore sustained.