## CIRCUIT COURT OF THE CITY OF RICHMOND

Martha M. Kane

v.

Gerald L. Richardson,
Trustee of Aurelie M. Kane
Living Trust
and Executor of the Estate of
Aurelie M. Kane,
deceased

September 27, 2005

Case No. CH05-1143-3

BY JUDGE T. J. MARKOW

This case is before the court on Demurrer. The question before the court is whether an oral contract to devise real estate is enforceable based on part performance.

The Bill of Complaint alleges that the decedent promised that, if Plaintiff gave up her career and provided for the decedent's care until the decedent's death, the decedent would leave Plaintiff the property in issue. Plaintiff alleges that she performed her contractual obligations in reliance on the promise to her detriment. Upon the decedent's death, Plaintiff learned that, through a trust agreement, the subject property was to be sold and the proceeds distributed to a beneficiary other than Plaintiff.

The Statute of Frauds generally precludes enforcement of oral contracts involving realty. *Beach v. Virginia National Bank*, 235 Va. 376, 378, 367 S.E.2d 516, 517 (1988). However, an oral contract relating to land may be enforceable where there has been partial performance and certain legal requirements have been met:

The controlling principles are well settled. To escape the statute of frauds, the oral agreement must be "definite, certain, and unequivocal in all its terms." *Woodbridge v. Outland*, 212 Va. 157, 161, 183 S.E.2d 162, 165 (1971). . . . Further, the acts the plaintiff relies on to establish part performance must be consistent with no theory other than the existence of an oral contract. *See Williams*, 229 Va. at 57, 326 S.E.2d at 662 (1985); *Pair v. Rook*, 195 Va. 196, 207, 77 S.E.2d 395, 401 (1953). Finally, the agreement must be so far executed that a refusal to require full execution would operate as a fraud on the plaintiff. *See Mann v. Mann*, 159 Va. 240, 165 S.E. 522 (1932).

*Id.*

Plaintiff argues that the specified requirements have been sufficiently alleged and therefore the demurrer should be overruled.

Defendant, however, takes issue with the sufficiency of the allegations regarding part performance. Defendant contends that other theories do exist; theories other than this oral contract. Relying on *Pair v. Rook*, 195 Va. 196, 206-07, 77 S.E.2d 395, 401 (1953), Defendant argues that the "acts of part performance by the party seeking specific execution, to take a case out of the statute [of frauds], must be of such an unequivocal nature as of themselves to be evidence of the existence of an agreement," and that "the acts relied on as part performance must be consistent with *no theory other than* the existence of the alleged oral contract" (emphasis added), and that the acts performed by Plaintiff are insufficient to remove the oral contract from the statute of frauds.

The court agrees with Defendant. The Plaintiff, who was the daughter-in-law of decedent, was already residing in the decedent's home with her husband and son and was providing care to the decedent at the time the oral contract was allegedly formed. It was then that Plaintiff quit her job, remaining in the home with her family and continuing care of the decedent. Considering the reasoning in *Pair*, there are any number of possible reasons these acts could have been performed other than in performance of the alleged promise. For instance, Plaintiff may have performed these acts solely out of love and affection. The *Pair* court specifically stated:

In considering the circumstances under which evidence may be admitted in support of an oral contract for the devise of lands on the ground of part performance by the party seeking to

enforce the alleged contract, this is said on page 733 of 90 Va. "Now the alleged acts of part performance in the present case, taken singularly or collectively, do not bring the case within these principles. The making and preserving the wills under the circumstances stated in the bill, while they are acts consistent with, are yet not demonstrative of, the existence of any contract between the parties; or, in other words, they do not unequivocally show that there was a contract. *Non constat*, the wills were not made from motives of love and affection and independently of any contract or agreement; and, this being so, parol evidence to establish the alleged contract would not be admissible."

*Pair*, 195 Va. at 207, 77 S.E.2d at 401 (citing *Hale v. Hale*, 90 Va. 728, 733, 19 S.E. 739 (1894)).

While Plaintiff argues that this is an impossible burden to meet based on practically any set of circumstances, the court finds that it is the law in Virginia. The law is reluctant to make exceptions to the statute of frauds especially in relation to real property.

Based on the holding and reasoning of *Pair*, the court finds that Plaintiff has failed to sufficiently allege facts necessary to withstand demurrer. Accordingly, the Demurrer is sustained. Plaintiff is given fourteen days to amend. Defendant shall have seven days to respond.