## CIRCUIT COURT OF NELSON COUNTY

Nicole Louise Wood
and Billy Lee Wood, Jr.

v.

Bertie Corcorran,
individually
and as executrix, *et al.*

Case Nos. CL12-31 and CL13-241

By JUDGE J. MICHAEL GAMBLE

May 6, 2013

I am writing to furnish my decision on the motion for summary judgment of the defendant. Initially, Count I of the complaint sought to impeach a paper writing dated February 17, 2011, purporting to be the will of Elizabeth Huff Puckett. Additionally, Count I sought to establish a separate paper writing allegedly executed on or about 2001 as the Last Will and Testament of Mrs. Puckett. The plaintiffs, by counsel, have now withdrawn the relief requested in Count I.

Count II alleges that Mrs. Puckett entered into an oral contract with the plaintiffs to make a will that devised and bequeathed the real and personal property of Mrs. Puckett to the plaintiffs in return for their providing care and services to Mrs. Puckett during her lifetime.

The defendant has filed a motion for summary judgment requesting that Count II be dismissed.

I have reviewed the pleadings, the briefs of the parties, and the discovery furnished to the court. After consideration of these matters, I deny the motion for summary judgment.

The Supreme Court has repeatedly admonished trial courts that summary judgment is a drastic remedy that is available only when there are no material facts generally in dispute. If the evidence is conflicting on a material point or if reasonable persons may not draw different conclusions from the evidence, summary judgment is not appropriate. *Fultz v. Delhaize America, Inc.*, 278 Va. 84, 88, 677 S.E.2d 272, 274 (2009). While the defendant makes a compelling argument that summary judgment should be granted, I cannot at this stage conclude that there is no conflicting evidence on all material points or that reasonable persons may not draw different conclusions from the evidence. Further, summary judgment at this stage would incorrectly short-circuit the litigation without permitting the parties to reach a trial on the merits. *Renner v. Stafford*, 245 Va 351, 352, 492 S.E.2d 218, 219 (1983).

Cases involving a claim of oral contract to make a will involve both the "Dead Man's Statute," Va. Code § 8.01-397, and the Statute of Frauds, Va. Code § 11-2. A parol contract to devise land may be taken out of the Statute of Frauds by evidence of part performance if it is established that (1) the parol agreement is certain and definite in its terms, (2) acts of part performance were done in pursuance of the agreement proved, and (3) the agreement has been so far executed that a refusal for execution would operate a fraud upon the plaintiff. *Virginia Home for Boys & Girls v. Phillips*, 279 Va. 279, 285, 688 S.E.2d 284, 287 (2010). By the very nature of these cases, there must be corroboration of the plaintiffs testimony that meets the requirements of Va. Code § 8.01-397. It is established that such corroboration may be by circumstantial evidence, that not every material point must be corroborated, and that the corroboration need not rise to the level of confirmation but need only serve to strengthen the surviving witness's account. *Id.*, 279 Va. at 286, 677 S.E.2d at 287-88.

The discovery discloses that there are certainly issues of whether a certain and definite parol contract can be established and corroborated. Further, the discovery discloses that there are significant issues as to whether there was part performance of the agreement or merely performance based upon the employment of the plaintiffs by Mrs. Puckett. However, these are issues that sometimes can be resolved by reasonable inferences and by circumstantial evidence. Last, until the court has heard all of the evidence, it would be improper to grant summary judgment.

The plaintiffs have filed a motion to amend the complaint to allow the plaintiffs to recover in the alternative on grounds of quasi-contract (implied contract; *quantum meruit*). Rule 1:8 provides that motions to amend pleadings shall be liberally granted in furtherance of the ends of justice. However, whether to grant a motion to amend pleadings is in the sound discretion of the court. *Mortarino v. Consultant Engineering Services, Inc.*, 251 Va. 289, 295-96, 467 S.E.2d 778, 782 (1996). In the instant case, I find that it would be prejudicial to the defendant to allow an amendment to

assert a *quantum meruit* claim at this stage. It is less than two months prior to the trial date. The defendant would have to complete discovery on the value of the services rendered by the plaintiffs less the amount of payment that they received. Further, it has been more than two years since the death of Mrs. Puckett and over one year that the case has been pending on the docket. To grant the amendment at this stage would cause an inevitable continuation of the trial that is currently scheduled for three days.

Last, this case has been pending based upon the theory of an express contract, and now the defendant wishes to proceed on an implied contract. An express contract defining the rights of parties precludes the existence of an implied contract. *Southern Biscuit Co. v. Lloyd*, 174 Va. 299, 311, 6 S.E.2d 601, 606 (1940).

I direct that Mr. Wren prepare an order dismissing Count I, overruling the motion for summary judgment as to Count II, and denying the motion to amend the complaint. The order should further provide that the case remains scheduled for trial. However, the order should also state that this is now a bench trial and not a jury trial.

September 12, 2013

I am writing to rule on the demurrers in this case. In this regard, I sustain the demurrers of defendants, and I grant to the plaintiffs leave to file an amended complaint by October 10, 2013.

The plaintiffs, in their complaint, seek specific performance of an oral contract for Elizabeth Huff Puckett to devise to them her farm in return for the plaintiffs providing service and care to Mrs. Puckett and her husband. The complaint also, in the alternative, seeks a recovery for the value of the uncompensated services rendered to Mrs. Puckett together with an award of attorney's fees.

Cases involving a claim of oral contract to make a will involve both the "Dead Man's Statute," Va. Code § 8.01-397, and the Statute of Frauds, Va. Code § 11-2. A parol contract to devise land may avoid the Statute of Frauds if it is established that (1) the parol agreement is certain and definite in its terms, (2) acts of part performance were done in pursuance of the agreement proved and (3) the agreement was so far executed that a refusal for execution would operate as a fraud upon the plaintiff. *Virginia Home for Boys and Girls v. Phillips*, 279 Va. 279, 285, 688 S.E.2d 284, 287 (2010).

The defendants' demurrer asserts that the complaint fails to state a sufficient claim to establish a certain and definite contract in which acts of part performance were done pursuant to the agreement. Further, the demurrer asserts that the plaintiffs have failed to state a claim upon which relief can be granted for recovery of damages under *quantum meruit*. There is also a demurrer to the claim for attorney's fees.

The complaint alleges that Mrs. Puckett died owning real and personal property (paragraph 2); that the plaintiffs "were the longtime caretakers of Mrs. Puckett and her husband ["Mr. Puckett"] and their property"

(paragraph 3); that Mr. Puckett and Mrs. Puckett "repeatedly promised to Mrs. Wood and Mr. Wood that in return for their continued service and care of Mrs. Puckett, Mr. Puckett, and their property, Mrs. Puckett would make a last will and testament that devised and bequeathed the "[F]arm" to Mrs. Wood and Mr. Wood" (paragraph 4); and that plaintiffs "acted in reliance on said agreement and pursuant to its terms, to their detriment, for a number of years, and continued to serve and care for Mr. Puckett and Mrs. Puckett and their property" (paragraph 10).

To escape the Statute of Frauds, the oral agreement "must be definite, certain, and unequivocal in all its terms." *Woodbridge v. Outland*, 212 Va. 157, 161, 183 S.E.2d 162, 165 (1971). Certainty means that each term is expressed in an exact manner. *Beach v. Virginia National Bank*, 235 Va. 376, 378, 367 S.E.2d 516, 517 (1988). Further, the acts the plaintiffs rely upon to establish part performance must be consistent with no theory other than the existence of an oral contract. *Id.* at 378, 367 S.E.2d at 517.

The complaint, as set forth above, alleges an agreement wherein the plaintiffs would provide "continued service and care of Mrs. Puckett, Mr. Puckett, and their property." It further provides that the plaintiffs would "continue to serve and care for Mr. and Mrs. Puckett and their property." These allegations do not state in an exact manner what was entailed in the service and care that the plaintiffs were required to give to Mr. and Mrs. Puckett. Accordingly, the contract alleged is not definite, certain, and unequivocal. Further, without setting forth the activities that constituted the service and care to be given to Mr. and Mrs. Puckett, the pleadings do not have sufficient allegations to establish that the plaintiffs executed the agreement to such a degree that it would operate as a fraud upon the plaintiffs.

In *Beach v. Virginia National Bank, supra*, the Supreme Court affirmed the trial court's dismissal of the case on the demurrer where the allegations of an oral agreement were deficient. The plaintiff alleged that the plaintiff would be conveyed real estate if she performed labor one day each week upon the Jones farm. When Mr. Jones died without conveying the property, the plaintiff filed an action for specific performance. The Supreme Court, in affirming the trial court, stated that the allegation "to perform labor one day each week" was not sufficient to allege what specific work was required. *Beach*, 235 Va. at 378, 367 S.E.2d at 517. The complaint in the instant case suffers with the same deficiency.

In *Woodbridge v. Outland, supra*, the Supreme Court stated that, for an oral contract to convey real estate that avoids the Statute of Frauds, it "must be so precise that neither party could reasonably misunderstand its terms." In the instant case, the complaint alleges that the plaintiffs agreed to provide "continued service and care" of Mr. and Mrs. Puckett and their property. The complaint is not sufficiently precise to establish whether the requirements of the care subsequent to the agreement were different than the care prior to the agreement.

Last, on the issue of an oral contract, the complaint does not allege that the contract was breached.

I will next address the question of whether *quantum meruit* has been sufficiently alleged. In this regard, paragraph 12 of the complaint sets forth the allegations of *quantum meruit*. Paragraph 12 does not allege that there is an implied contract for the plaintiffs to provide care and services to Mr. and Mrs. Puckett. In order to allege a claim for *quantum meruit*, an implied contract must be alleged. *Marine Dev. Corp. v. Rodak*, 225 Va. 137, 140, 300 S.E.2d 763, 766 (1983); *Cochran v. Bise*, 197 Va. 483, 489, 90 S.E.2d 178, 182 (1955); *See also* Instruction No. 45.570, *Virginia Model Jury Instructions — Civil*.

Accordingly, I find that the pleading for recovery under the theory of *quantum meruit* is inadequate. Also, I suggest that any allegation of *quantum meruit* be styled as a separate count from the allegations of specific performance of a contract to make a will.

The plaintiffs pleaded for a recovery of attorney's fees. Virginia follows the "American rule." Under the American rule attorney's fees are not recoverable by a prevailing litigant in the absence of a specific contractual or statutory provision to the contrary. *Piney Meeting House Invs., Inc. v. Hart*, 284 Va. 187, 196, 726 S.E.2d 319, 324 (2012).

There is nothing in the pleadings that legally supports the award of attorney's fees. Accordingly, the demurrer is sustained as to the allegation, and this allegation is dismissed.