### EDWARD F. DICKINSON *vs.* WILLIAM WHITING.

Middlesex.    March 2. — 31, 1886.    W. ALLEN & HOLMES, JJ., absent.

The owner of a parcel of land, bounded on the east by a road and on the west by a river, and having a lane running through it from the road to the river, twenty-five feet wide, and with a stone wall on each side, with bar-ways at intervals opening into adjacent fields, conveyed the land on the northerly side of the lane to A. by a deed which contained this clause: " with a privilege for him to use the lane on the south side of said premises to drive his cattle to pasture and his teams for the convenient occupation of said premises." The entrance to the lane at the road was at this time closed by a gate. A. subsequently acquired that part of the land on the southerly side of the lane nearest the gate, together with the fee in that part of the lane adjacent to it ; and B. acquired the rest of the land on the southerly side of the lane, together with the fee in the lane adjacent to it. *Held*, that B. had no right to erect a gate across the lane on the line between his land and A.'s.

TORT for breaking and entering the plaintiff's close in Billerica, and pulling down and removing a fence thereon. Trial in the Superior Court, without a jury, before *Knowlton*, J., who allowed a bill of exceptions, in substance as follows :

In 1842, Francis Richardson owned a tract of land, which was bounded easterly by the Concord road and westerly by the Concord River. A lane about twenty-five feet wide, bounded on each side by a stone wall with bar-ways at intervals opening into the adjacent fields, extended through it from the road to a point near

the river. The entrance to the lane at the road was closed by a gate. On April 12, in that year, Richardson conveyed that portion of said tract lying northerly of the northerly side of said lane by a deed which contained, immediately after the description, the following words: "with a privilege for him, his heirs and assigns, to use the lane on the south side of said premises to drive his cattle to pasture and his teams for the convenient occupation of said premises." The defendant has acquired the land and rights conveyed by said deed.

A part of the land retained by said Richardson passed to the plaintiff, and the remainder to the plaintiff's brother; said brother owning the field nearest the road, with that part of the lane upon which it abutted, and the plaintiff the remainder, consisting of several fields and that part of the lane upon which they abutted, lying farther westerly and extending to the river. The plaintiff occupied his brother's land, under a lease, until May, 1883, when it was sold to the defendant. There was conflicting evidence as to how much the plaintiff's fields had been used for pasturing in former years, and to what extent cattle had been permitted to pass from them at will into the lane, and the judge found that no such use was shown as to change the rights of either party under the deed. The defendant's barn and cowyard were on the northerly side of said lane, near the road, and he entered the lane therefrom through gates. He used the lane in conveying his manure, hay, and vegetables to and from his fields, and drove his cattle through it to and from pasture.

On May 30, 1883, the plaintiff put up on his own land, near the line of that bought by the defendant of the plaintiff's brother, a fence across the lane, with a gate in it twelve feet wide. On the next day the defendant pulled it down and removed it. The plaintiff claimed the right to erect and maintain this fence and gate, to prevent his cattle from escaping into the land sold by his brother to the defendant whenever he wished to use his portion of the lane for pasturing, and whenever his cattle got into the lane through said bar-ways on the plaintiff's fields.

The gate could be readily opened or closed, and when opened it left sufficient space for the passage of teams or cattle, but the necessity of opening and closing it materially interfered with the convenience of the defendant in using the lane.

The judge ruled that the erection of the fence and gate was an invasion of the right of the defendant to use the lane in connection with the land conveyed by the deed of April 12, 1842, and found for the defendant.    The plaintiff alleged exceptions.

*F. T. Greenhalge*, for the plaintiff.

*W. R. Austin*, for the defendant.

DEVENS, J.    The principal question raised by the bill of exceptions concerns the construction of the clause in relation to the use of the lane in the deed of Richardson, in 1842, by which Richardson (who then owned the entire tract, including the tracts now held respectively by the plaintiff and the defendant) conveyed to the defendant's grantor the portion of the tract lying northerly of the northerly side of the lane.    Immediately following the description of the premises conveyed were the words, "with a privilege for him [the grantee], his heirs and assigns, to use the lane on the south side of said premises to drive his cattle to pasture and his teams for the convenient occupation of said premises."

The defendant has acquired the land and rights conveyed by said deed; and it is found as a fact that there has been no subsequent user sufficient in any way to change the rights of the parties, as they exist under this deed.

At the time of the conveyance, there was a defined way about twenty-five feet in width, bounded on each side by a stone wall, with bar-ways at intervals opening into adjacent fields, extending from the highway to a point near the river, which was, on the west side, the boundary of the whole tract.

The conveyance made was not of a general right of way over the grantor's premises convenient for the grantee, the width, direction, and general character of which would be thereafter determined by various circumstances.    The " lane on the south side of said premises " was fixed by the permanent stone walls which defined it, and the grant of the use of the lane was the grant of a right of way in the lane as thus located and defined.    To construe it as anything less would be to do injustice to the grantee, who, having found a way such as that described in the deed, was able to determine, from its width and direction, when he closed the purchase, whether it was sufficient for his purposes.    It was granted " for the convenient occupation " of the premises

conveyed, and the grantee was entitled to all the convenience which, as it then existed, it could afford in the management of the farm on which it bounded. *Salisbury* v. *Andrews*, 19 Pick. 250. *Tudor Ice Co.* v. *Cunningham*, 8 Allen, 139. *Welch* v. *Wilcox*, 101 Mass. 162. *Tucker* v. *Howard*, 122 Mass. 529. *Nash* v. *New England Ins. Co.* 127 Mass. 91.

If the defendant was entitled to a right of way in the lane as it existed at the time of the deed under which he claims, then anything erected therein which, for practical purposes, made its use less convenient and beneficial than before, was an obstruction which wrongfully interfered with the privilege to which he was entitled. As such obstruction, the defendant had a right peaceably to remove it.

The finding of the judge who presided, that the fence erected by the plaintiff across the lane, although with a gate twelve feet wide, which could readily be opened and closed, even if, when opened, it afforded sufficient space for the passage of teams and cattle, was an obstruction in the practical use of the lane, was fully justified. The necessity of opening and closing the gate, as well as the more limited space through which the defendant must conduct his teams and cattle, would materially interfere with his convenient use of the lane. *Williams* v. *Clark*, 140 Mass. 238.               *Exceptions overruled.*