## HENRY G. MORTON *vs.* JOHN J. THOMPSON.

January Term, 1897.

Present: ROSS, C. J., TAFT, ROWELL, TYLER, MUNSON and START, JJ.

*Covenant Amounting to Grant—Grant with Defeasance—Right of Way Appurtenant—Amendment.*

A grantor conveying a part of his lot, covenants "for himself, his heirs and assigns that the space between the tavern-house and the land conveyed shall be kept open for the passage of teams to the west end of the land herein conveyed until the grantor shall by deed convey to the grantee a convenient passage for teams to the rear of said land herein conveyed from some known public street." The orator is the owner, through several mesne conveyances, of the land conveyed; the defendant is in possession of the remainder, claiming title under a deed which is the last in a chain down which the possession, at least, has passed. *Held,*

That the language, though sounding in covenant, amounts to a grant and creates an easement in the defendant's land, which is appurtenant to the orator's land and enures to his benefit;

That the covenant is a grant with a defeasance and the latter enures to the benefit of the defendant;

That the orator is entitled to have the whole space kept open until tendered a deed of the new way, although the building erected thereon by the defendant still leaves him a convenient, but less convenient, passage;

That it is no objection to the new way tendered that it must be used by the orator in common with others, the master having found it to be sufficient;

That the defendant should be allowed to amend his cross-bill by alleging a tender of a deed of the new way since the hearing was begun before the master.

BILL IN CHANCERY. Heard on pleadings, master's report, exceptions thereto by both parties and orator's motion to recommit, at chambers, December 30, 1896, before *Ross,* Chancellor, who, *pro forma,* overruled the motion and exceptions and dismissed the bill with costs. The orator appealed.

*Hogan & Royce* for the orator.

The covenant runs with the land and enures to the benefit

of the orator.    *Kellogg* v. *Robinson,* 6 Vt. 276; *Clement's Admrs.* v. *Putnam,* 68 Vt. 285; II Wash. Real Prop. 298 and cases there cited; *Thomas* v. *Poole,* 7 Gray 83.   And the orator is entitled to have the whole space left open.    *Tucker* v. *Howard,* 122 Mass. 529;   *Nash* v. *N. E. Mut. Life Insurance Co.,* 127 Mass. 91;  *Salisbury* v. *Andrews,* 128 Mass. 336;  *Schwoerer* v. *Boylston Market Ass'n,* 99 Mass. 285;  *Clement's Admrs.* v. *Putnam, supra.*

The defendant cannot compel the orator to accept another right of way in lieu of the open space.   The right reserved to Barlow was personal and died with him.   Wash., Easements (4 ed.) pp. 17 and 18; *Pearson* v. *Hartman,* 100 Pa. 84; *Pierce* v. *Keator,* 70 N. Y. 419.

*Wilson & Hall* for the defendant.

If the orator has any right it is only to a right of way in said space, and that only until another is tendered him. The master finds that the building erected by the defendant did not interfere with the first and that he had been tendered a deed of a sufficient other way.   The bill should therefore be dismissed and the prayer of the cross bill granted.

The orator has not shown title.

The defendant is entitled to the benefit of the defeasance clause.

ROWELL, J.   This is a bill to enjoin the obstruction of a way over the land that the defendant occupies and claims to own, to adjoining land that the orator occupies and claims to own.

On January 11, 1853, Samuel H. Barlow, the then owner of all the land, on the south side of which was a tavern known as the American House, by his warranty deed of that date, conveyed to the president, directors and company of the Franklin County Bank, the land occupied by the orator. In and by said deed, he covenanted, among other things, as follows: "And the said Barlow, for himself, his heirs and assigns, doth covenant and agree that the space between the

tavern-house and the land herein conveyed shall be kept open for the passage of teams to the west end of the land herein conveyed, until said Barlow shall, by deed, convey to said bank a convenient passage for teams to the rear of said land herein conveyed, from some known public street."

The orator claims to have derived title to the bank property by several mesne conveyances, and the defendant claims to have derived title in like manner to the rest of the original hotel property. Each party, in argument, disputes the title of the other; but the orator's title is admitted, as it is well alleged in the bill and not denied nor put in issue by the answer. Chancery Rule 20. The defendant's title is not admitted nor found by the master. While there is probably no doubt that he has title, it is difficult to make it out from the abstract before us. There are, however, some things about it that are certain enough. The master finds, and the cross-bill asserts, that Hiram Pierce owned the American House property in November, 1866; and the exhibits show that he continued to own it for several years thereafter. The original bill alleges that the defendant claims title to that property under a deed thereof from Stroud and wife, dated January 27, 1893, and that all the title he has thereto he derives through Samuel H. Barlow and his heirs, representatives, and assigns; and it appears that Mrs. Stroud was in that chain of title. Take this in connection with the finding that the owners and occupants of the hotel property have used it for a hotel from the time Barlow occupied it down to the present time, and it sufficiently appears that the defendant's deed is the last link in a chain of deeds down which the possession, at least, passed from Pierce to the successive grantees, including the defendant, and that all were in claiming under and according to their deeds.

There is no doubt that by grant the owner of land may create out of it any incorporal hereditament with which, in its nature, it is capable of being affected. In this way land may be charged with rents, commons, ways, the privilege of

light, air, water, and the like. Moreover, with the exception
perhaps of rent, such incorporeal hereditaments may, as in
the case of common appurtenant, be attached to other land
so that the right to enjoy them will vest successively in every
one to whom such other land shall come by assignment.
Nor need the instrument by which an incorporal heredi-
tament of this kind is created or enlarged be a formal
grant; for although it be in the guise of a covenant, yet if
it be properly executed, and express an intention to grant,
the effect of a grant will be given to it, and rights will pass
thereunder by assignment when nothing would have passed
by the assignment of a mere covenant. *Holms* v. *Seller*, 3
Lev. 305; *Greene* v. *Creighton*, 7 R. I. 1; *Bronson* v. *Coffin*,
108 Mass. 175, 180; 1 Smith's Lead Cas. [*143].

Although the language quoted from Barlow's deed sounds
in covenant, yet it manifests an intent to grant, and
therefore it is held to amount to a grant, and to create an
easement in the defendant's land that attaches, and is
appurtenant, to the orator's land, and enures to his
benefit, especially as it is admitted that he is in privity of
estate with the original grantee of said land. *Gunson* v.
*Healy*, 100 Pa. St. 42.

But we do not regard it essential that he should be in such
privity; for there is a distinction between things that run
only with the estate in the land and things that are attached
to the land itself. "Note," says Lord Coke, "a diversity
between a use or warranty, and the like things annexed
to the estate of the land in privity, and commons,
advowsons, and other hereditaments annexed to the
possession of the land." *Chudleigh's Case*, 1 Rep. [122b].
In the latter class of cases, of which easements are a
conspicuous example, when the right is once acquired,
whether by prescription, grant, or covenant, it attaches to
the land for the benefit of which it was acquired, and sticks
so fast to it that it goes with it, regardless of privity, into
all hands, even those of a disseisor. "So a disseisor, abator,

intruder, or the lord of escheat, etc., shall have them as things annexed to the land." *Chudleigh's Case*, 1 Rep. [122b]; *Norcross* v. *James*, 140 Mass. 188; *Brewer* v. *Marshall*, 18 N. J. Eq. at p. 344: *Nevil's Case*, Plowd. 377, 380.

But the defendant says he has not infringed the orator's right of way, as the master finds that notwithstanding the structure complained of, a part of which is on the rear of the "space" that Barlow covenanted to "keep open," there is still "room left for a convenient right of way for the passage of teams from Main Street to the west end of the orator's premises for all reasonable purposes required by the owners of the bank property." On the west end of the orator's lot, in the rear of his building, there is an open space, eight feet wide, upon which, according to Barlow's deed, no building can be erected that shall exceed eight feet in height. The orator claimed before the master that he has not only a right of way for the passage of teams to the west end of his premises, but also for the passage of modern two-horse coal teams, and other two-horse teams, to and upon said eight-foot strip. The master finds that before the erection of said structure, such teams could be driven over the space between the buildings, to and upon said eight-foot strip, but that since its erection, and because of it, they cannot be.

The language of the covenant is, that "the space between the tavern-house and the land herein conveyed shall be kept open for the passage of teams to the west end of the land herein conveyed, until," etc. This language covers the whole space, and when we consider, as we must, the subject-matter of the covenant and the circumstances in which it was made, the words, "to the west end of the land herein conveyed," cannot well be limited to mean that teams might pass over said space to, but not upon, that end, for it is fair to suppose that the parties intended a way as beneficial to the property conveyed as it reasonably could be, as that end of it was not

otherwise accessible; and it is obvious that to drive upon that end might often be extremely convenient in discharging heavy articles into the basement and other parts of the rear of the building.   It is considered, therefore, that the defendant has infringed the orator's right of way by the structure complained of.

But the defendant says, if this is so, that still he has a right under the Barlow deed to terminate and extinguish that right of way by providing the orator another way from some known public street, which he claimed to have done before he began said structure; and he filed a cross-bill, to compel the orator to accept the deed tendered of such other way.   The orator claims that the right reserved by Barlow to provide another way was merely a personal right or privilege reserved to himself and not to his heirs nor assigns, and that as he did not see fit to exercise the right, it died with him, and did not pass to his heirs nor assigns, as it could not run with the land, and even if it did run with the land, that the defendant is not in position to exercise it, as he has not shown title to the hotel property.

But this covenant is a grant with a defeasance, and the grant and the defeasance are parts of the same thing and must go together, as such, we think, was the intention of the grantor.   He covenants for himself, his heirs and assigns.   It is a rule that every word must be given effect if it can be, and none be rejected.   The words, "heirs and assigns," can have no effect if the right to defeat the grant is confined to the grantor himself, for without those words the covenant would be just as effective as a grant as it is with them, and just as binding upon his heirs and assigns.   Why should he be covenanting that his heirs and assigns, and especially his heirs, should keep the space open, if he understood that he alone could do the thing that would close it? But if he intended that they also should have the right to do that thing if he did not, then his covenanting for them is accounted for.   It is considered that the words

"his heirs and assigns," must be carried forward and read in after the grantor's name in the defeasance clause, in order to effectuate his intention, which appears to have been, that the benefit should go with the burden, which is highly equitable in this case. · The real essence of the covenant is, that the way thereby granted shall remain until another is substituted in accordance therewith by some one interested in the servient estate.

A case somewhat analogous is *The Duke of Northumberland* v. *Errington*, 5 T. R. 522. There, in an indenture of lease of coal mines, two lessees covenanted "jointly and severally in manner following." Then followed a string of covenants as to working the mines, and then a covenant that the moneys appearing to be due should be accounted · for and paid by the lessees, their executors, etc., not saying, "and each of them,"—and it was held that the general words extended to all the subsequent covenants on the part of the lessees throughout the deed, as there was nothing in the nature of the subject to restrain them to the former part of the lease. It was said that it would not have answered the lessor's purpose that each of the lessees should be bound separately by the covenants that related to the working of the mines unless each was also answerable for the products of the mines.

If this covenant is viewed as annexed to the estate of the land in privity, yet has the defendant a title that enables him to avail himself of its benefit, for possession under a claim of title is an estate sufficient for the transmission of · covenants that run with the land, when that possession goes by deed from one to another and is of such a character that it would ripen into title in the requisite time. *Beddoe's Executor* v. *Wadsworth*, 21 Wend. 120; *Slator* v. *Rawson*, 6 Met. 439: Rawle, Cov. (4th ed.) 372: 3 Am. Law Reg. N. S. 208.

Before the defendant began the structure complained of, he tendered to the orator a deed of another right of way,

which the orator objected to for divers reasons, but not because the defendant had no right to tender it, and refused to accept, and which the master finds does not convey a convenient and sufficient right of way. The cross-bill was based on the tender of this deed. During the hearing before the master, and after the completion of said structure, the defendant tendered to the orator another deed, enlarging the right of way in the first deed, and to take the place of that deed, if the master should find the right of way thereby conveyed insufficient and the right of way conveyed by the second deed sufficient, which last the master does. But the orator says that finding is unwarranted, for that the way thereby conveyed is too narrow, and is to be used in common with others. The orator is not entitled to a way devoted exclusively to his use and the use of his successors in title; and as to the sufficiency of the way, that is a question of fact for the master.

In the view we have taken of the case, it is unneccessary to consider any other of the orator's exceptions to the report.

The cross-bill has never been amended by setting up said last-mentioned deed, and therefore the orator claims that the defendant cannot avail himself of it. But inasmuch as we hold that the defendant has the right to defeat the grant in Barlow's deed, the exercise of that right ought not to be temporarily defeated because of the lack indicated, but an amendment should be allowed to remedy the objection.

But the defendant was in fault in obstructing the orator's way before he provided another sufficient way, therefore the original bill was well brought, and the orator should have his costs. But on amending the cross-bill as indicated, and filing said last-mentioned deed with the clerk for the orator, a decree should be entered that the orator accept and receive said deed in discharge and release of the right of way conveyed by Barlow's deed, and execute to the defendant a proper deed of such discharge and release;

and then the original bill should be dismissed with costs to the orator therein. But in default of such amendment and filing, the cross-bill should be dismissed with costs to the defendant therein, and a decree be entered for the orator in the original bill according to the prayer thereof, without damages but with costs.

*Reversed and remanded, with mandate.*