# Richmond

Evelyn V. Willing v. Charles M. Booker.

March 16, 1933.

Present, All the Justices.

The opinion states the case.

*Mears & Mears,* for the appellant.

*Louis S. Sacks,* for the appellee.

HOLT, J., delivered the opinion of the court.

In this cause the owner of an easement seeks to prevent the owner in fee of a lane along which the easement runs from building or rebuilding a line fence.

Mr. L. E. Mumford, now dead, held certain real estate at Cherrystone, Virginia. This land he devised to his wife. She died intestate in 1930, leaving to survive her as her only heir at law, Calvin B. Taylor.

Mr. Taylor had a survey made and during the month of August, at public auction, he sold to Evelyn V. Willing, the plaintiff, two lots there described as A and B. Lot B lies to the south and its western line runs with the county road. Lot A is to the north. It does not reach that road at all but is bounded upon the south by a twelve-foot lane,

which runs between them, and from the road eastward to lands now owned by Mr. Booker. The south lot, or B, is described in the deed to plaintiff as "bound on the north by the run of a fence, or a twelve-foot (12-ft.) roadway reserved, and the lot where C. M. Booker and family are now living."

The north lot, or lot A, is described in plaintiff's deed as bounded "on the southerly side by the northerly side of a twelve-foot roadway (12-ft.) reserved for the lot where the said Booker and family now reside * * * but with a right of ingress and egress to the said Evelyn V. Willing, her heirs and assigns over the twelve-foot (12-ft.) roadway for the use and benefit of the lot described herein and shown on the plat hereto attached as lot A."

Although the sale of these two lots appears to have been in August, the deed therefor bears date October 20 and was recorded on December 18.

On the 19th of September, Taylor and wife conveyed to the defendant Booker that part of the Mumford land lying east of lots A and B and bounded in part as follows: From a stob on "the southwest corner thereof, and thence on a straight line northwardly sixty-three (63) feet and six inches, to a stob, and thence running westwardly along a fence dividing the lands conveyed to Mrs. Evelyn V. Willing to a stob at the county road—the said fence being the southern boundary of a twelve (12) foot driveway, which said driveway is reserved and conveyed to the said party of the second part, but with the right of ingress and egress for the house and lot to said Mrs. Evelyn V. Willing on the northerly side of the said twelve (12) foot driveway, her heirs and assigns, and thence on a straight line northwardly twelve (12) feet to a stob, constituting the width of said driveway, thence running on a straight line eastwardly to a stob."

From this it appears that plaintiff owns lots A and B, both of which lie along a lane, appurtenant to lot A but not to lot B. The defendant's land lies to the east of lots

A and B. He also owns the fee to the lane, subject to an easement in which lot B and its owner, as such, have no part. *Diocese of Trenton* v. *Toman,* 74 N. J. Eq. 702, 70 Atl. 606; *Ball* v. *Allen,* 216 Mass. 469, 103 N. E. 928, Ann. Cas. 1917A, 1248; *Clark* v. *Reynolds,* 125 Va. 626, 100 S. E. 468.

In the petition for appeal it is said that "there was on or just to the south of said twelve-foot roadway an unsightly board fence" which petitioner removed. The defendant replaced it with wire. It is charged that the new fence is a spite fence and located well within the alley. This is denied in a cross-bill. There is no proof of spite, and from affidavits it appears that the new fence stands as near as may be where the old one was and takes up less room. Even if it were slightly out of line it would make no difference.

"These objections are quite too technical for the administration of a neighborhood law like this, which was designed for the purpose of reasonable and practical justice and to compel one neighbor to do justice to another." *Scott* v. *Jackson,* 93 Ill. App. 529, 535.

It is contended that this fence cannot be put in the lane, because the lane is to be kept clear, and cannot be put on lot B without the owner's consent.

In 19 Corpus Juris, page 984, section 238b, it is said that where a reservation is of a certain width, that width cannot be encroached upon. We have no criticism to make of this statement. In its support is cited *Morton* v. *Thompson,* 69 Vt. 432, 38 Atl. 88. There a structure was built upon a way, broad enough to prevent its use by two-horse wagons which could otherwise easily have passed.

In *Gray* v. *Kelley,* 194 Mass. 533, 80 N. E. 651, appears a twenty-four foot private way. The defendant cluttered it up with carts, sleds, and other chattels. The court held that the way should be kept unobstructed.

In *Dickinson* v. *Whiting,* 141 Mass. 414, 6 N. E. 92, we find a gate built across a way. It was held that this could

not be done. The court said that anything erected thereon, which for practical purposes made its use less convenient and beneficial than before, was an obstruction.

■ In *Flaherty* v. *Fleming,* 58 W. Va. 669, 52 S. E. 857, 859, 3 L. R. A. (N. S.) 461, a twelve-foot alley was under consideration. The question involved was whether a fence or gate might be put across it. The court said that it could not, that "the placing of anything upon the way by the servient owner which would make it less useful or less convenient to the one entitled to the easement, violated its grant." The court further said: "The owner of the soil may make any use of his land which does not interfere with the reasonable use of the way."

It will be noted that in this case as in *Dickinson* v. *Whiting, supra,* the test is reasonableness. The way cannot be made "less useful or less convenient."

■■ Whether or not this encroachment makes the way less useful or less convenient is usually a jury question (9 R. C. L. page 798; *Harvey* v. *Crane,* 85 Mich. 316, 48 N. W. 582, 12 L. R. A. 601), and of course it is a question for the court when there is no jury. A division fence might be unreasonable. A worm fence along a narrow alley might seriously interfere with its use. *Morton* v. *Reynolds,* 45 N. J. Law (16 Vroom) 326, 46 Am. Rep. 776; *Herrick* v. *Stover,* 5 Wend. 580; 25 Corpus Juris, 1032.

■ In *Higdon* v. *Nichols,* 204 Ky. 56, 263 S. W. 665, it appears that one who held an easement in a twelve-foot way undertook to build a division fence. It was said that he could not do this, that he could use this way for a road and for no other purposes, that he could not put his fence upon the way because it would not then be twelve feet wide, and he could not put his fence upon the plaintiff's land for he could not go upon it at all. So far as we are advised no case holds that the owner of an easement across another's lands can fence it. Since he has no title to the fee he has no right but a right of way.

In the instant case Booker owned the way in fee, subject of course to the rights appurtenant to lot A.

The defendant contends that since he is possessed in fee of this lane he has all the incidents of ownership except those taken from him by the express provisions of the Taylor deed.

We have seen that there are no rights in it appurtenant to lot B. Lot B, so far as this case goes, stands as if it did not front upon a way at all. Plaintiff's rights come through those given her as owner of lot A. Lot B held by one owner in fee runs with a twelve-foot strip of land to which another has like title. Here a divison fence is a lawful structure. Code, section 3555.

■ A fence is not a two dimension concept. It must have width. "One may occupy the necessary land on each side of the true line for such a fence, though it encloses part of the adjoining tracts. One proprietor may place half of a fence of reasonable dimensions on the land of the adjoining owner. * * *" 7 Am. & Eng. Enc. of Law, page 894.

■ The owner of the servient estate may erect fences along the side of a way. 19 Corpus Juris, page 986, section 240; *Sizer* v. *Quinlan,* 82 Wis. 390, 52 N. W. 590, 16 L. R. A. 512, 33 Am. St. Rep. 55; 9 R. C. L. 801.

■ One who owns in fee a lane across the lands of another cannot object to the building of a line fence. *A fortiori* he cannot object if he owns a less estate. A part is not greater than the whole. That is to say, the owner of a servient tenement has as much right to fence against his land subject to an easement as he has to fence against an estate in fee; and if he can fence against land subject to an easement it must be by a line fence, which of necessity must to some extent, at least, encroach upon both estates. Of course in doing so he must not make the easement "less useful or less convenient." A servient tenement can be bounded by a fence just as can land held in fee if done at the instance of its owner. The owner of a servient tenement has as much right to fence against adjacent land which

is not a part of the dominant tenement as has the owner of land in fee to fence against adjacent land.

██ Ownership of land carries with it the right to a division fence on common boundaries of adjoining lands. The right and the burden in this respect of owners of adjoining land are in common and equal. That different estates or interests may exist in one parcel of such lands does not destroy or affect the common right and burden. Each estate and interest in each parcel of the land may enjoy the right, and from its inception is subject to the possible burden of the exercise of the right, unless it has been freed expressly or impliedly by the parties (or their predecessors in title) who own each of the adjoining parcels of land and those creating the estate or interest.

██ Again, this partition fence was there when plaintiff purchased. The easement which attached to lot A is to be construed in the light of the situation existing when it was created. Plaintiff took lots A and B in one deed. Lot B is bounded "on the north by the run of a fence or a twelve-foot (12-ft.) roadway reserved." This fence was a line fence when she bought and so she has no right to arbitrarily destroy it (note, 12 L. R. A. 601), and if destroyed she cannot object to its replacement.

The court's decree rests upon pleadings and affidavit. There is no claim that it is premature since submission for final judgment on this point appears to have been by consent.

The defendant in his cross-bill claims damages because of other alleged acts of trespass by the plaintiff. The court did not undertake to pass upon that but reserved it for future investigation. We find no error here and so the decree of June 19, 1931, is affirmed.

*Affirmed.*