HORTON, Justice.
The dominant owners of an easement appeal from an adverse grant of summary judgment dismissing all of their claims, which were premised on the servient owner’s construction of a permanent sign within the easement. The sign effectively reduced the width of the easement from twenty-five feet to nineteen feet at one point along its length. On appeal, the dominant owners argue that the district court erred in granting the servient owner’s motion for summary judgment and contend that any reduction in the width of their easement is per se unlawful.
I. FACTUAL AND PROCEDURAL BACKGROUND
Nephi Allen and Kenton Johnson are the managing members of Rexburg Plumbing and Heating, LLC (collectively “RP & H”). They operate RP & H from a building located on property that they own in Rexburg, Idaho. Idaho Highway 38 runs roughly north-south along the western boundary of the RP & H property. Directly to the north of the RP & H property is a street known as “American Street,” which provides ingress and egress to and from Idaho Highway 33. RP & H has an express easement over American Street by virtue of a deed that conveys “a right-of-way to be used in common with others described as follows: [metes and bounds description].” Immediately to the east of the RP & H property lies property owned by Highway 101 Investments, LLC, a self-storage company. Highway 101 purchased this property on February 20, 2007. The property purchased by Highway 101 included a right-of-way easement identical to RP & H’s easement.
In 2008, Highway 101 began to erect a sign on American Street within the easement boundaries shared by Highway 101 and RP & H. A hole was dug for the sign on August 6, 2008. Thereafter, the sign-post and two bollards were installed on August 19, 2008, and the sign was placed atop the sign-post on August 26, 2008. In July of 2009, after construction of the sign was complete, Highway 101 purchased the entire easement property in fee simple, making Highway 101 the owner of the servient estate.
The sign erected by Highway 101 is twenty feet wide, ten feet tall, and fourteen feet above the ground. It sits atop a sign-post that is sixteen inches in diameter; there is also a bollard on either side of the post measuring five inches in diameter. The sign is slightly less than six feet away from the northern boundary of the twenty-five-foot-wide easement, effectively reducing the easement width to slightly over nineteen feet at the point of the post and bollards. However, because RP & H’s property runs adjacent to the southern boundary of the easement, the total distance between the sign and the RP & H building is between fifty and fifty-nine feet.
In February of 2010, RP & H filed its Complaint, which requested an injunction restraining Highway 101 from maintaining any obstruction above the surface of the roadway within the easement boundary. After discovery, the parties filed cross-motions for summary judgment. The district court denied RP & H’s motion and granted Highway 101’s motion. The district court held that Idaho law gives servient estate owners the right to use their land, but forbids them from unreasonably burdening the privileges of dominant estate owners. In this case, the district court looked to the deed to define RP & H’s “privilege” and determined the specific privilege was for ingress and egress only. Because testimony of RP & H’s owners indicated that the sign did not prevent them, or their customers, from accessing the store from Highway 33, the district court concluded that Highway 101’s placement of the sign did not unreasonably interfere with RP & H’s use of American Street as a right-of-way. Accordingly, the court held that there was no genuine issue of material fact about whether the sign materially interfered with RP & H’s use of the easement.[1] Final judgment was *3 entered in favor of Highway 101, from which RP & H timely appealed.
II. STANDARD OF REVIEW
In reviewing a grant of summary judgment, this Court employs the same standard as the district court. Cnty. of Boise v. Idaho Cntys. Risk Mgmt. Program, Underwriters, 151 Idaho 901, 904, 265 P.3d 514, 517 (2011). Summary judgment is proper when “the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” I.R.C.P. 56(c). This Court freely reviews questions of law. Brannon v. City of Coeur d’Alene, 153 Idaho 843, 848, 292 P.3d 234, 239 (2012).
III. ANALYSIS
A. The erection of a permanent structure within an easement of definite location and dimensions is per se unreasonable.
“An easement is the right to use the land of another for a specific purpose that is not inconsistent with the general use of the property by the owner.” Capstar Radio Operating Co. v. Lawrence, 153 Idaho 411, 420, 283 P.3d 728, 737 (2012) (quoting Hughes v. Fisher, 142 Idaho 474, 480, 129 P.3d 1223, 1229 (2006)). “An easement owner is entitled to relief upon a showing that he is obstructed from exercising privileges granted by the easement.” Conley v. Whittlesey, 133 Idaho 265, 272, 985 P.2d 1127, 1134 (1999); see also Bratton v. Scott, 150 Idaho 530, 536, 248 P.3d 1265, 1271 (2011).
The law is well settled with respect to the correlative rights of dominant and servient owners of easements. The owner of the servient estate is entitled to use the estate in any manner not inconsistent with, or which does not materially interfere with, the use of the easement by the owner of the dominant estate. In other words, the servient estate owner is entitled to make uses of the property that do not unreasonably interfere with the dominant estate owner’s enjoyment of the easement.
Ruddy-Lamarca v. Dalton Gardens Irrigation Dist., 153 Idaho 754, 758, 291 P.3d 437, 441 (2012) (quoting Nampa & Meridian Irrigation Dist. v. Washington Fed. Sav., 135 Idaho 518, 522, 20 P.3d 702, 706 (2001)).
A majority of our sister states recognize a caveat to the general rule of reasonableness: a permanent structure is per se unreasonable if it diminishes an easement with definite location and dimensions.[2] See Magna, Inc. v. Catranis, 512 So.2d 912, 913-14 (Ala.1987); Andersen v. Edwards, 625 P.2d 282, 286 (Alaska 1981); Squaw Peak Cmty. Covenant Church of Phoenix v. Anozira Dev., Inc., 149 Ariz. 409, 719 P.2d 295, 299 (App.1986); Sand Lake Shoppes Family Ltd. P’ship v. Sand Lake Courtyards, L.C., 816 So.2d 143, 146 (Fla.Dist.Ct.App.2002) (prohibiting erection of billboard in easement de spite the fact that it did not prevent ingress and egress); Consol. Amusement Co. v. Waikiki Bus. Plaza, Inc., 6 Haw.App. 312, 719 P.2d 1119, 1123 (1986); McCauley v. Harris, 928 N.E.2d 309, 315 (Ind.Ct.App.2010); Aladdin Petroleum Corp. v. Gold Crown Props., Inc., 221 Kan. 579, 561 P.2d 818, 822, 825 (1977); Thiels v. Dennis, 29 So.3d 715, 718 (La.Ct.App.2010); Miller v. Kirkpatrick, 377 Md. 335, 833 A.2d 536, 547 (2003); Scoppa v. Myers, 341 Pa.Super. 61, 491 A.2d 148, 150 (1985); Xanadu Horizontal Prop. Regime v. Ocean Walk Horizontal Prop. Regime, 306 S.C. 170, 410 S.E.2d 580, 581-82 (App.1991); Piney Meeting House Invs., Inc. v. Hart, 284 Va. 187, 726 S.E.2d 319, 323 (2012) (noting that the majority rule did not apply where structures were entirely underground and therefore did not encroach on the easement); Jackson Hole Mountain Resort Corp. v. Alpenhof Lodge Assocs., 109 P.3d 555, 559-60 (Wyo.2005) (reasoning that *4 a contrary rule would allow dominant estate owners to retake an easement in a piecemeal fashion); 25 Am.Jur.2d Easements and Licenses § 86 (“A permanent physical obstruction placed in an express easement created by grant, in the absence of an agreement or surrounding circumstances to the contrary, interferes as a matter of law with the dominant tenement’s right to the use of all of the express easement.”); 28A C.J.S. Easements § 288 (“If by the terms of the grant or reservation the way must be of a certain width, no structures can be erected which encroach on the width stated, notwithstanding that the structures would not unreasonably interfere with the right of ingress and egress.” (footnotes omitted)). Permanent structures that do not interfere with the right to use the entire dimension of the easement, such as an underground pipeline, may be lawfully located within the boundaries of the easement because they do not encroach on the dominate owner’s easement rights.
We recognize that a minority of states adhere to a contrary reasonableness standard. See e.g. Skow v. Goforth, 618 N.W.2d 275, 278-81 (Iowa 2000) (refusing to enjoin construction of fence that would have intruded on a sixteen-and-a-half-foot-wide easement by as little as two inches; reasoning that balancing the needs of the dominant and servient estate owners will maximize aggregate utility); Musselshell Ranch Co. v. Seidel-Joukova, 862 Mont. 1, 261 P.3d 570, 577 (2011) (requiring removal of culvert installed in irrigation ditch, but stating that “[sjome permanent encroachments may not justify a finding of unreasonable interference”); Mill Pond Condo. Ass’n v. Manalio, 910 A.2d 392, 395 (2006) (reciting the majority rule, but reaching the opposite conclusion where there was no evidence that sign interfered with use of the easement for ingress and egress); Gaw v. Seldon, 85 So.3d 312, 316-17 (Miss. Ct.App.2012) (owner of dominant estate not entitled to removal of encroaching columns until such time as they actually interfere with use of the easement); Baum v. Glen Park Props., 660 S.W.2d 723, 726-27 (Mo.Ct.App.1983) (allowing erection of sign within easement so long as it did not interfere with ingress and egress); D’Abbracci v. Shaw-Bastian, 201 Or.App. 108, 117 P.3d 1032, 1040 (2005); DeHaven v. Hall, 753 N.W.2d 429, 439-40 (S.D.2008).
We find the majority approach more persuasive. Because it provides a clear, bright-line standard, the majority rule will avoid costly and time-consuming litigation concerning whether the servient estate owner’s use of the easement area is reasonable. The risk of ongoing legal feuds associated with the minority rule is particularly worrisome because a structure’s reasonableness necessarily depends on changing circumstances. We also believe that the majority rule best recognizes the sanctity of a dominant owner’s bargained-for property rights.
We recognize that, in rare cases, a dominant owner will irrationally refuse to permit a servient owner to erect a permanent structure within an easement of definite dimension and location, even when the structure would not unreasonably interfere with the dominant owner’s use of the easement. While it may be tempting to adopt a rule of reasonableness in order to maximize overall societal utility in these situations, and although Idaho’s citizens are not always capable of reaching amicable resolutions to their disputes, the protracted and open-ended litigation invited by a rule of reasonableness offsets the slight societal utility benefits produced under a reasonableness standard.
We find the dissent’s discussion and reliance on Nampa & Meridian Irrigation District v. Washington Federal Savings, 135 Idaho 518, 20 P.3d 702 (2001), to be misplaced. In Nampa & Meridian, Washington Federal bank decided to subdivide a piece of property it owned on one side of a canal; before doing so, it was required to erect a sidewalk and a fence along the canal. Id. at 521, 20 P.3d at 705. Nampa & Meridian sued to enjoin the construction along the canal arguing that Washington Federal’s erection of the sidewalk and fence would interfere with Nampa & Meridian’s easement rights. Although Nampa & Meridian had been granted a forty-foot easement by Washington Federal’s predecessor in interest, Nampa & Meridian relied entirely on its *5 easement rights under I.C. § 42-1102.[3] This statute gives irrigation companies the right to:
[E]nter the land across which the right-of-way extends, for the purposes of cleaning, maintaining and repairing the ditch, canal or conduit, and to occupy such width of the land along the banks of the ditch, canal or conduit as is necessary to properly do the work of cleaning, maintaining and repairing the ditch, canal or conduit with personnel and with such equipment as is commonly used, or is reasonably adapted, to that work.
Id. at 522, 20 P.3d at 706 (quoting I.C. § 42-1102). The easement rights created by I.C. § 42-1102 are not of definite location and dimension. Rather, the statute only conveys a right-of-way that “is necessary to properly do the work of cleaning, maintaining and repairing the ditch, canal or conduit with personnel and with such equipment as is commonly used, or is reasonably adapted, to that work.” I.C. § 42-1102. Because the easement rights upon which Nampa & Meridian relied were not of definite location and dimension, as is the metes and bounds easement at issue in this ease, Nampa & Meridian is distinguishable from the present case and is not controlling here.
IV. CONCLUSION
We hold that the erection of a permanent structure within an easement of definite location and dimension is per se unreasonable. Therefore, the district court’s grant of summary judgment in Highway 101’s favor must be reversed, and the ease remanded for further proceedings consistent with this Opinion. Highway 101’s request for attorney’s fees pursuant to I.C. § 12-121 is denied because it is not a prevailing party. RP & H did not request attorney’s fees and therefore it is not entitled to any; however, we award RP & H its costs on appeal as a matter of right.
Chief Justice BURDICK and Justices EISMANN and J. JONES concur.

. There is evidence in the record that the sign post obstructs vehicles backing away from the RP & H building. However, in light of our *3 resolution of this case, it is unnecessary for us to consider that issue.

. This rule is inapplicable where the easement was not conveyed by grant, such as a prescriptive easement or easement by necessity, or where the easement was conveyed by grant but lacks a definite location or dimensions. See Aladdin Petroleum Corp. v. Gold Crown Props., Inc., 221 Kan. 579, 561 P.2d 818, 825 (1977); 28A C.J.S. Easements § 238.

. Nampa & Meridian Irrigation District’s briefing on appeal stated "[Nampa & Meridian Irrigation District]'s easement arises pursuant to I.C. § 42-1102.”