# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 48664

| | |
|---|---|
| MICHAEL STEPHEN HEARTSILL, | ) |
| | ) Filed: September 26, 2022 |
| Petitioner-Appellant, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| STATE OF IDAHO, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Rosemary Emory, District Judge.

Judgment dismissing petition for post-conviction relief, <u>affirmed</u>.

Michael Stephen Heartsill, Eloy, Arizona, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Chief Judge

Michael Stephen Heartsill appeals from the judgment dismissing his petition for post-conviction relief. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Pursuant to a plea agreement in his underlying criminal case, Heartsill pled guilty to twenty-five counts of sexual exploitation of a child. In exchange, the State dismissed twenty-five additional counts of sexual exploitation of a child. The district court imposed unified, aggregate sentences of forty years, with a minimum period of confinement of twenty-three years. Heartsill appealed, but the appeal was dismissed in an unpublished opinion because, as part of his plea agreement, Heartsill waived the right to challenge his sentences. *State v. Heartsill*, Docket No. 46813 (Ct. App. Aug. 26, 2019).

1

Heartsill filed a pro se petition for post-conviction relief and, after being granted post-conviction counsel, Heartsill filed an amended petition. Relevant to this appeal,[1] the amended petition alleged that Heartsill's trial counsel was ineffective by: (1) failing to spend sufficient time explaining the options to Heartsill; (2) having a "lack of knowledge" of the underlying criminal case during the sentencing hearing; and (3) promising Heartsill that the trial court would retain jurisdiction. Heartsill also alleged that he "did not have a chance to correct his presentence investigation report in that it asked for his thoughts back when [the] crimes were committed and [his] thoughts were completely different at the time of [s]entencing."

The case proceeded to an evidentiary hearing at which both Heartsill and his trial counsel testified. After the evidentiary hearing, the district court entered an order denying post-conviction relief and a judgment dismissing Heartsill's amended petition. Heartsill appeals.

## II.

## ANALYSIS

Although Heartsill is pursuing this appeal pro se, he must meet the same standards as those represented by counsel. *See Michalk v. Michalk*, 148 Idaho 224, 229, 220 P.3d 580, 585 (2009). Pro se litigants are not excused from abiding by procedural rules simply because they are appearing pro se and may not be aware of the applicable rules. *Id.* Thus, Heartsill must comply with the Idaho Appellate Rules. As the appellant, Heartsill has the burden of alleging and showing in the record an error by the district court in his post-conviction proceeding. *See Almada v. State*, 108 Idaho 221, 224, 697 P.2d 1235, 1238 (Ct. App. 1985). Assignments of error not asserted with particularity and supported with sufficient authority are too indefinite to be considered on appeal. *Liponis v. Bach*, 149 Idaho 372, 374, 234 P.3d 696, 698 (2010). Appellate courts will not consider general challenges to a trial court's findings and conclusions. *See PHH Mortg. v. Nickerson*, 164 Idaho 33, 38, 423 P.3d 454, 459 (2018).

In Heartsill's opening brief on appeal, he asserts that (during the evidentiary hearing) he was "required to sit in the juror's box," rendering him "unable to communicate" with his post-conviction counsel, thereby "violating his Sixth Amendment Right of the United States

---

[1] Heartsill also alleged that his pleas were not knowing or voluntary, but later withdrew this claim.

Constitution." He also asserts the State committed prosecutorial misconduct during the underlying criminal case and at the post-conviction evidentiary hearing. In addition, he criticizes the trial court, his trial counsel, and his post-conviction counsel for various reasons. What Heartsill fails to do, however, is specify the applicable standard of review on appeal or assert error in the district court's order denying post-conviction relief. The manner of his attack on his trial counsel's performance resembles the presentation of original claims for relief to be adjudicated by a trial court in the first instance. In essence, Heartsill appears to seek a reevaluation of his ineffective assistance claims, not review of a specific error by the district court.

Even if we construed Heartsill's appellate briefing as challenging the dismissal of one of his ineffective assistance claims, the challenges (which lack specific reference to legal or evidentiary errors) would amount to only a general attack on the findings and conclusions supporting the district court's decision. Appellate courts will not consider such general challenges to a trial court's findings and conclusions. *See PHH Mortg.*, 164 Idaho at 38, 423 P.3d at 459.

Heartsill's remaining arguments concern matters outside of the district court's decision. Regarding Heartsill's claim that he was unable to communicate with post-conviction counsel due to being in the juror's box, he provides no citation to the record in support of his factual claim. Under I.A.R. 35(a)(6), the argument in an appellant's brief must contain citations to the "parts of the transcript and record relied upon." This Court will neither search the record for error nor presume error on appeal. *LaBelle v. State*, 130 Idaho 115, 119, 937 P.2d 427, 431 (Ct. App. 1997). In addition, as the State notes, Heartsill failed to preserve this issue for appeal because he did not raise a relevant objection before the district court. *See Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). Heartsill's assertions that, during the underlying criminal case, the State committed prosecutorial misconduct, that the trial court was biased, and that the trial court "stated facts that were untrue" were not raised as claims before the district court and, thus, are not preserved for appeal. *See Small v. State*, 132 Idaho 327, 332, 971 P.2d 1151, 1156 (Ct. App. 1998). Similarly, Heartsill's assertion that the State committed prosecutorial misconduct at the post-conviction evidentiary hearing is not preserved because he failed to make a relevant objection before the district court. *See Sanchez*, 120 Idaho at 322, 815 P.2d at 1062. To the extent Heartsill's arguments concern actions taken by his post-conviction counsel, his arguments fail because he lacks a right to effective assistance of post-conviction counsel. *See Murphy v. State*, 156 Idaho

3

389, 395, 327 P.3d 365, 371 (2014).  Finally, Heartsill in his reply brief raises a number of new arguments and "moves to call a mistrial."  Because these arguments and the motion were first raised in his reply brief, we will not consider them.  *See Hernandez v. State*, 127 Idaho 685, 687, 905 P.2d 86, 88 (1995).

In sum, Heartsill has failed to adequately present an issue for this Court to review on appeal.  Consequently, Heartsill has forfeited any errors in the dismissal of his petition for post-conviction relief.

## III.

## CONCLUSION

Heartsill has failed to present an error by the district court with sufficient definition for this Court to review on appeal and has forfeited the arguments he raises regarding issues other than the district court's decision.  Consequently, Heartsill has failed to show error in the dismissal of his ineffective assistance of counsel claims.  Accordingly, the district court's judgment dismissing Heartsill's petition for post-conviction relief is affirmed.

Judge GRATTON and Judge BRAILSFORD, **CONCUR**.

4